MAY TERM, 1838.

State v. Martin.

fective; because it is not specified that def. *dealt* in the selling of such articles, and that they were "goods, wares and merchandise, not the growth or manufacture of this State."

5    361
102a   61

---

STATE v. MARTIN.

An indictment, under the act to license and tax merchants, charging that "defendant did sell, retail, and deliver six yards of cloth, without first obtaining a license," &c. is bad, the law being directed against those who "deal in the selling of goods, wares and merchandise," at any store, stand," &c. The indictment must pursue the words of the statute.

*Cook,* counsel for defendant:

The defendant contends that the indictment is defective in this, that—1. It does not allege that defendant did deal in the selling of goods, wares or merchandise. 2. The indictment does not charge the sale to have been

made at any store, stand, or place occupied for that pur-
pose.

Each of these circumstances constitute part of the
statutory definition, and both are necessary. In order
to constitute a person, under this statute, a merchant, he
must not only sell goods, wares or merchandise, but he
must follow it as a business—which, I understand, to be
the sense in which the legislature used the terms "shall
deal in the selling of goods, wares or merchandise." I
do not understand that a single isolated sale of goods
will constitute a person a merchant, and therefore, the
terms are not of the same import as those used in the in-
dictment. And certainly, in order to charge him as a
merchant, it is necessary to allege that the sale was made
at a store, stand, or place occupied for that purpose, of
dealing in the selling of goods. For any thing that ap-
pears in the indictment, he might or might not have sold
the goods at a store, stand, or place occupied by the per-
son for that purpose. He may have been a pedler or
auctioneer, and there is nothing in this indictment to ne-
gative the idea.

The indictment should have alleged all the circumstan-
ces that make up the statutable definition of the offence—
1 Chit. Crim. law, p. 281–2; and not having done so,
and it being uncertain from the indictment, if the defen-
dant has been guilty of any offence, what it is, the in-
dictment was properly quashed.

EDWARDS, Judge, delivered the opinion of the court.

This was an indictment against Martin in the circuit
court of New Madrid county. On motion of the defen-
dant, the indictment was quashed, and the State appealed,

The indictment charges, that on the day and year, and
at the place therein mentioned, "with force and arms, at
the county of New Madrid aforesaid, in the State of Mis-
souri aforesaid, unlawfully, for and in consideration of the
sum (to wit:) of one dollar, then and there had and re-
ceived of one Ebenezer Oldham, he, the said Enoch Mar-
tin, then and there did sell, retail and deliver unto the
said Ebenezer Oldham, six yards of cloth, commonly
called Kentucky cotton linen, without first obtaining a
merchant's license, him the said Enoch Martin, to author-
ize to deal as a merchant."

The defendant contends that this indictment is defec-
tive: 1. In not alleging that the defendant did deal in
the selling of goods, wares and merchandise. 2. In not

alleging the sale to have been made at any store, stand, or place occupied for that purpose.

The first section of the act to license and tax merchants, (Revised Code of 1835, page 403,) provides that "every person, or copartnership of persons, who shall deal in the selling of goods, wares or merchandise, at any store, stand, or place occupied for that purpose, is declared to be a merchant." The second section provides, that "no person, or copartnership, shall deal as a merchant without a license first obtained according to law." "It is a general rule that all indictments upon statutes, must state all the circumstances which constitute the definition of the offence in the act, so as to bring the defendant precisely within it." A conclusion contrary to the form of the statute, in such case made and provided, will not aid a defect in this respect; "and not even the fullest description of the offence, were it even in the terms of a legal definition, would be sufficient without keeping close to the expressions of the statute"—1 Chit. Crim. Law, 281–2. In his summary of the law relative to pleadings and evidence in criminal cases, page 28, Archbold says, "that an indictment for an offence against the statute, must, with certainty and precision, charge the defendant to have committed or omitted the acts, under the circumstances and with the intent mentioned in the statute, and if any one of these ingredients be omitted, the defendant may demur, move in arrest of judgment, or bring a writ of error." The offence intended to be charged in this indictment, is the dealing "in the selling of goods, wares or merchandise at a store, stand or place occupied for that purpose," "without a license first obtained according to law." Does this indictment charge this offence? It charges that Martin "did sell, retail and deliver" six yards of cloth. These are not the words of the statute, nor are they even the equivalent of the words of the statute, and even equivalent words would not be sufficient. The statute did not intend that every man who sold a single article should be deemed a merchant. Had that been the intention, the language of the statute would have been, *every person who shall sell goods, wares or merchandise, shall be deemed a merchant.* The language of the statute is very different. It is, that every person who shall *deal in the selling* of goods, wares or merchandise, &c. shall be deemed a merchant. To deal in the selling of a thing, is to traffic; to trade in the selling of it, to make a business of it. A single act of selling then, will not constitute a person a merchant; he

MAY TERM,
1838.

State v. Martin.

An indictment, under the act to license and tax merchants, charging that "def. did sell, retail and deliver six yards of cloth, without first obtaining a license," &c. is bad, the law being directed against those who "deal in the selling of goods, wares, and merchandise," "at any store, stand," &c. The indictment must pursue the words of the statute.

must deal in the business to be one.    Omitting then to charge that Martin did " *deal* in the selling of goods, wares and merchandise," is clearly a defect in this indictment.    The words "at any store, stand, or place occupied for that purpose," are also omitted.    If the other words had been charged, and these omitted, the indictment would still have been bad.    He might have been dealing in goods, wares and merchandise as a pedler, going from place to place, and if so, could not have been indicted as a merchant.    The judgment of the circuit court should, therefore, be affirmed, and the other judges concurring, it is affirmed.