UNITED STATES OF AMERICA *v.* THOMAS WHITE.
UNITED STATES OF AMERICA *v.* JOHN McCANN.

July 7, 1916.

*Internal Revenue—Possession as evidence of violation of revenue law:* In a proecution under the Harrison Narcotic Act, 38 Stat. 785,

the presumption of guilt arising under sec. 8 from possession of narcotic drugs, is applicable only to cases of possession indicating a violation of sec. 1,—i. e., possession by persons required to register but not registered under the latter section.

*Indictment:*   Motion in arrest of judgment.

*G. A. Davis* for the motion.
*S. B. Kemp,* Assistant U. S. Attorney, contra.

CLEMONS, J.   The defendants' motion in arrest of judgment has been lately enforced by the decision of the Supreme Court, of June 5, in the case of *U. S. v. Jin Fuey Moy,* 241 U. S. 394, holding not only that it is not every possession of narcotic drugs (with certain exceptions) that is a penal offense under the Harrison act, 38 Stat. 785, but also apparently weakening the presumption created by section 8 of that act as arising from possession.   Thus Mr. Justice Holmes says:

"Only words from which there is no escape could warrant the conclusion that Congress meant to strain its powers almost if not quite to the breaking point in order to make the probably very large proportion of citizens who have some preparation of opium in their possession criminal *or at least prima facie criminal* and subject to the serious punishment made possible by sec. 9.   It may be assumed that the statute has a moral end as well as revenue in view, but we are of opinion that the District Court, in treating those ends as to be reached only through a revenue measure and within the limits of a revenue measure, was right.

"Approaching the issue from this point of view we conclude that 'any person not registered' in sec. 8 cannot be taken to mean any person in the United States but must be taken to refer to the class with which the statute undertakes to deal—the persons who are required to register by sec 1."

And as my charge to the jury following the view of Judge Lacombe and the Circuit Court of Appeals of the

second circuit in T. D. of Jan. 27, 1916, No. 4 [*Tom Wilson v. United States,* 229 Fed. 344] was broadly in the words of the statute, section 8, that "if a defendant is shown to have been in possession of this drug then he is presumed to have violated the law," I cannot say that the instructions were not prejudicial to the defendants, even though I did give the defendants the benefit of the following additional instructions:

"But, there is the qualification that no unfavorable presumption against either defendant can be raised by such circumstances of possession or control as carry a reasonable explanation on their own face."

"The mere possession or control of cocaine is no crime or offense under the laws of the United States. It is merely evidence of an offense and the strength of that evidence varies with each set of circumstances under which we find a defendant in possession of the drug."

The *Jin Fuey Moy* decision seems clearly to require something more than these instructions, and that the jury should be told that it is only from a possession indicating a violation of the acts inhibited by section 1, that the presumption of guilt arises.

And the defendants are entitled to some consideration from the fact that the evidence against them was somewhat based on confessions—which are to be received with caution—and that inasmuch as there was evidence only of an attempt to sell, or negotiations for a sale which was never consummated, it might perhaps under what seems to be the weight of authority be held that there was no "dealing in" (on which offense alone the case was submitted to the jury). As to the scope of the words "dealing in," however, I am not satisfied with those definitions which require a plurality of sales as a business, (see, e. g., *Overall v. Bezean,* 37 Mich. 506, 507; *State v. Martin,* 5 Mo. 361, 363; *Goodwin v. Clark,* 65 Me. 280, 284) but without deciding as to that, think that the motion should be granted and a new trial ordered on the Supreme Court's view of the statute above suggested.

The evidence, if believed, was ample enough for conviction, but we do not know how far the verdict may have been based on mere evidence of possession, apart from any confession or other evidence of an attempted but not completed sale. And the jury might under my instructions have found a verdict from mere possession.

The motion in arrest and for a new trial are granted.