AMERICAN MANUFACTURING COMPANY v. CITY OF ST. LOUIS, Appellant.

In Banc, February 13, 1917.

1. **TAXATION: Property Outside State.** A city of Missouri has no power to levy a direct property tax upon subjects of taxation outside the State. The subjects of taxation are persons, property and business, and each must be situate within the jurisdiction of the taxing power to authorize its exercise.

2. ———: **License a Property Tax.** The *ad valorem* tax levied under our State laws upon merchants and manufacturers, though levied in the form of a license, is a tax upon property, as distinguished from taxes upon business.

3. ———: **Manufacturer's License: Right to Sell Goods Stored Elsewhere.** The city of St. Louis has the power to license and tax manufacturers within its limits, and to prohibit them from pursuing their manufacturing business unless such license is secured; and the tax may be graduated according to the amount of sales; and, tax may be graduated according to the amount of sales; and, hence, the manufacturing company must pay a license tax on goods made in the city, whether they are stored within this State or elsewhere before sale, and whether sold from the company's office in this State or from its principal office located in another State.

Appeal from St. Louis City Circuit Court—*Hon. Wilson A. Taylor,* Judge.

REVERSED AND REMANDED (*with directions*).

*Charles H. Daues* and *Truman P. Young* for appellant.

(1) The license tax of one dollar per thousand upon sales levied by the ordinances of the city is an occupation tax, and not a tax upon property. In this respect it is distinguishable from the *ad valorem* taxes. American Union Express Co. v. St. Joseph, 66 Mo. 681; Clark v. Titusville, 184 U. S. 333; Society for Savings v. Coite, 73 U. S. 608; Maine v. Grand Trunk Ry. Co., 140 U. S. 227-8; Home Insurance Co. v. New York State, 134 U. S. 600; Aurora v. McGannon, 138 Mo. 48; St. Louis v. United Railways Co., 210 U. S. 279; St. Louis v. United Railways Co., 263 Mo. 441; State ex rel. American Mfg. Co. v. Alt, 224 Mo. 493; Jarman v. School District, 264 Mo. 654. (2) The occupation tax levied upon sales is a tax upon the privilege of manufacture. It is a manufacturer's license and not a merchant's license. The amount of the tax is graduated by the amount of sales, but is in no sense a tax upon sales nor a tax upon the goods sold. The city may collect an *ad valorem* tax upon property used in a business and at the same time impose a license tax upon the pursuit of that business. St. Louis v. Ernst, 95 Mo. 367; St. Louis v. Green, 70 Mo. 562; State ex rel. v. Tracy, 94 Mo. 217; Brookfield v. Tooey, 141 Mo. 625; and cases cited above. (3) A license tax levied upon a manufacturer and graduated in accordance with the amount of sales made by such manufacturer should include a tax on account of all sales of goods manufactured, even though such goods are destined for interstate commerce or have been shipped into other States and there warehoused pending sale. A State may tax all occupations and all businesses carried on within its borders, and all privileges and franchises derived from the State. Such a tax is not a tax upon interstate commerce, though the amount is arrived at by considering the sale of products

which are destined for such commerce. United States v. Stowell, 133 U. S. 16; Coe v. Errol, 116 U. S. 524; Car Co. v. Pennsylvania, 141 U. S. 18; Ferry Co. v. Pennsylvania, 114 U. S. 196; Tel. Co. v. Attorney-General, 125 U. S. 549; Railroad v. Knight, 192 U. S. 21; Match Co. v. Ontonagon, 188 U. S. 82; Hopkins v. United States, 171 U. S. 578; Galveston Ry. Co. v. Texas, 210 U. S. 225; Ficklin v. Shelby County, 145 U. S. 1; Hatch v. Reardon, 204 U. S. 152; State v. Brodnax & Essex, 228 Mo. 25, 219 U. S. 285; Am. Mfg. Co. v. St. Louis, 238 Mo. 277; State v. Applegarth, 28 L. R. A. 816. (4) The taxes considered in the third paragraph of the opinion in the case of American Manufacturing Co. v. St. Louis, 238 Mo. 278, were on account of sales of products manufactured at a factory in New York. Such sales should be clearly distinguished from the sales in controversy here, which were of the products of the St. Louis factory.

*Barclay & Wallace* for respondents.

(1) The city ordinance in evidence under the supposed authority of which was extorted the payment of one dollar on each thousand dollars of the sales of goods manufactured in St. Lous (but sold and delivered while same were outside of Missouri) furnishes no justification for the exaction in question. The effect of that ordinance has already been construed by this court in accord with respondents' contention on that point. Am. Mfg. Co. v. St. Louis, 238 Mo. 278. (2) Said ordinance is a personal property tax; and had it been intended to provide for a tax on such sales it would, as to the same, be clearly invalid under the Federal Constitution, for such a tax on such sales, as such, would be a direct interference with and burden on interstate commerce; and the city could not indirectly accomplish the same result by clothing this tax in the garb of an occupational license. Nature of tax: State ex rel. v. Alt, 224 Mo. 506; Jarman v. School Dist., 264 Mo. 654. Validity of ordinance: Welton v. Missouri, 91 U. S. 275; Crinshaw v. Arkansas, 227 U. S. 389; Barrett v. New York, 232 U. S. 14; D. E. Foote & Co. v. Stanley, 232 U. S. 494; Davis v. Virginia, 236 U. S. 697.

American Mfg. Co. v. St. Louis.

BROWN, C.—This case, like the one numbered 18185 decided at this term, is to recover license taxes paid the city of St. Louis by the plaintiff, a corporation of West Virginia of the same name as, and successor to, the plaintiff in the other case, in the manufacture of Jute bagging.

. The questions raised in this appeal are the same as those raised in the other case, with the addition that in this case the tax exacted for manufacturer's license was extended upon sales of goods manufactured in the city of St. Louis, and warehoused outside the State of Missouri, and sold and delivered from such warehouses to customers outside the State, for which, with other items not now in dispute, judgment was rendered for the plaintiff with interest at six per cent from the date of payment.

' The sales in dispute were described in the plaintiff's return as follows: ''Sales made through St. Louis office and filled from stock made in St. Louis, but shipped from points other than St. Louis to States other than Missouri.'' In its evidence its bookkeeper and cashier explained this by saying that the company had a dozen warehouses in St. Louis; that he did not know how many there were in New York, and that the bagging is stored in St. Louis as long as the company can find a warehouse to take it, and when the local capacity is exhausted it ships to Memphis or points like New Orleans, from which places orders are filled from goods made in St. Louis, which may lie there for a year.

In its letter June 23, 1910, transmitting a check tendered as payment of its license tax, the respondent wrote: ''In explanation of the small aggregate amount of our sales for the year ending June 1, 1910, we would say that during that year the principal selling office of this company has not been in the city of St. Louis, as had been the case in prior years;'' and in a letter of July 21, 1910, made the following additional explanation: ''Since our report for year ending June 30, 1909, was made, we made a very material change in our method of doing business with our home office in New York, so that substantially all our sales, though negotiated here, of merchandise stored in this and other cities, are confirmed by and are not ef-

fective until they are confirmed by the home office in New York. We are advised by our counsel that sales so made are not taxable in the city of St. Louis.

The matters at issue in this appeal are: (1) whether the circumstances under which the payment was made were voluntary or involuntary with respect to the right to recover it back; (2) whether interest was recoverable; and (3) whether the city had the right to levy the license tax based on the amount of these sales.

We have stated these questions in the order named because the first two are decided by us in the other case, in which they were presented upon precisely similar facts and with the same arguments, and we see no reason to modify the opinion there expressed.

The important question relates to the nature of the tax, for the defendant city has not the right to levy a direct tax upon subjects of taxation outside the State from which it holds its powers. These subjects are *persons, property* and *business,* and each must be situated within the jurisdiction of the taxing power to authorize its exercise. The vital difference between these parties is whether the tax in question is a tax upon *business* done in the city of St. Louis or upon *property* situated in States other than Missouri. The dividing line must be definite, however; for if a part of the subject upon which the tax is sought to be imposed is situated in another State we have no data by which it can be apportioned, and, as is said by Judge COOLEY (1 Cooley on Taxation, 25), "the power of taxation, however vast in its character, and searching in its extent, is necessarily limited to subjects within the jurisdiction of the State." On the other hand the State may exercise this sovereign right with respect to all persons, things and business activities which exist under the protection of its laws, and, as is said by the same distinguished author (*Ibid.*), "Unless restrained by provisions of the Federal Constitution, the power of the State as to the mode, form and extent of taxation is unlimited, where the subjects to which it applies are within her jurisdiction." These

*Marginal note:* Manufacturers' Tax: Graduated According to Sales.

propositions have ceased to be subjects of discussion or argument.

It is evident that the *ad valorem* tax levied under our State laws upon merchants and manufacturers, is a tax upon property, as distinguished from taxes upon business. The same property would be subject to taxation while its *situs* is within the State, whether employed in any activity ,or not. The quality of value is the test of its character in this respect, while the mode, form and extent of this taxation are wholly within the broad powers of the State. In their exercise .the Legislature has prescribed the time and manner of the assessment of this class of property, and as one of the remedies for the collection of the tax, has provided that its payment shall be a condition of the right of the owner to transact the business in which the property has been employed or produced, until it shall be paid. This imposition has every element of a property tax, and· is held to be such by this court. · [Jarman v. Unionville School District, 264 Mo. 646; State ex rel. v. Alt, 224 Mo. 493.]

Our statute (R. S. 1909, sec. 11647) defines a "manufacturer" to be a "person, company or corporation who shall hold or purchase personal property for the purpose of adding to the value thereof by any process of manufacturing, refining, or by the combination of different materials." It is not disputed that under the broad provision of its charter the city of St. Louis has the power to license and tax manufacturers within its limits; nor that the power includes the right to impose a tax upon the transaction of their business. Adopting substantially the definition we have quoted from the statute, it has, by· ordinance, forbidden them to pursue their business within the city without procuring a license, and has prescribed the, additional tax they shall pay for that purpose, which is graduated to accord with the amount of business they shall carry, to the point of realizing the profit or liquidating the loss by the sale of the product of their work. They may only buy and sell in pursuance of their business as manufacturers. That his right to pursue this business is the one thing he re-

ceives as compensation for this tax is evident; and that the method of fixing its amount by the amount that he realizes from the licensed activity is a just and equitable one is not disputed; nor is the inherent justice and fairness of postponing the payment until the realization of the result of the work. The tax is none the less a tax upon the business of manufacture pursued in the city of of St. Louis under the protection of the laws of this State and the ordinances of the city. Any other interpretation of the ordinance under which the business is licensed would not only do violence to its terms, but would ascribe to the legislative department of the city the absurd intention to give every person and corporation that might desire to avail themselves of it, the unlimited right to pursue the business of manufacturing in the city without license or the payment of any tax upon the privilege provided they would store their product outside the city limits and sell it through non-resident agencies, to customers in other States.

To sustain this proposition the respondent cites us to our own decision in Banc in the case of American Manufacturing Company v. St. Louis, 238 Mo. 267, in which the learned judge who wrote the opinion said (p. 279) that "a fair and reasonable construction of defendant's ordinance is that it was only intended to cover sales actually completed; and shipments made from defendant city." The question now before us was not involved, either directly or indirectly, in that case; but the respondent, while it was pending here and under the advice of counsel, "made a very material change" in its "methods of doing business," so that substantially all its sales, although negotiated in St. Louis, were not effective until confirmed by its home office in New York. The question is now for the first time before us in this case.

We hold that the tax in question is a tax upon the privilege of pursuing the business of manufacturing these goods in the city of St. Louis; that when the goods were manufactured the obligation accrued to pay the amount of the tax represented by their production when

it should be liquidated by their sale by the manufacturer; that their removal from the city of St. Louis and storage elsewhere, whether within or without the State worked no change in this obligation; that their sale by the respondent wherever they may have been stored at the time, whether it was done through its home office in New York or the office of its factory in St. Louis, should have been reported in its return to the license collector of the city of St. Louis and the amount included in fixing the amount payable on account of its license tax.

The judgment of the trial court is accordingly reversed and the cause remanded with directions to enter judgment in accordance with the view here expressed.

*Railey, C.,* concurs.

PER CURIAM:—The foregoing opinion of BROWN, C., in Division Number 1 is adopted by the Court in Banc. All of the judges concur.