FOOD CENTER OF ST. LOUIS, Inc., a
Corporation, Appellant,

v.

VILLAGE OF WARSON WOODS, a Munici-
pal Corporation,

and

City of Rock Hill, a Municipal Corporation,
Respondents.

No. 44413.

Supreme Court of Missouri.

Division No. 2.

March 14, 1955.

Motion for Rehearing or to Transfer to
Court en Banc Denied April 11, 1955.

. Schwartz, Schwartz & Landsman, St. Louis, for appellant.

Lackland H. Bloom, Samuel B. Murphy, St. Louis, for respondent, Village of Warson Woods.

Richard K. Nalley, St. Louis, for respondent, City of Rock Hill.

DEW, Special Judge.

This action seeks a declaratory judgment to determine the rights of the plaintiff as to its liability for merchant's tax as between both defendants, and for a judgment to recover any such taxes already paid by plaintiff to defendant City of Rock Hill, hereinafter referred to as "Rock Hill," to which the latter may not have been entitled.

Plaintiff's store and appurtenant premises were partially within the limits of each of the defendants. Defendant Village of Warson Woods, hereinafter referred to as "Warson Woods," filed a crossbill seeking a judgment for merchant's tax against the plaintiff for the years 1949 to 1952, inclusive. The trial court ruled that the plaintiff was liable to both defendants for merchant's tax and gave judgment in favor of Warson Woods on its crossbill for $9,515.38. The plaintiff has appealed.

The parties stipulated as to the facts. They are in substance and in part as follows: Plaintiff is a duly organized corporation, operating a retail supermarket for the sale of foods and similar products, at a certain store building in St. Louis County, containing 19,000 square feet and known as 9909 Manchester Road; the store is of the self-service type; merchandise offered for sale is displayed on open shelves and in cases with prices of various items posted; customers are provided with four-wheel carts into which they place the items which they select from the merchandise and desire to purchase, after which the customer wheels the cart to one of the check-out counters stationed at a cash register, where the merchandise is removed from the cart, is viewed by the checker, the prices totaled and paid.

Defendant Rock Hill is a duly incorporated city of the fourth class under Section 79.010 RSMo 1949, V.A.M.S. Since 1948, pursuant to an ordinance of that city, it has required merchants to obtain a merchant's license as a prerequisite to doing business as such in said city, and pursuant thereto has demanded and collected of the plaintiff payment for such license, measured

by plaintiff's gross sales within that city. The gross sales of the plaintiff at the store in question for the years 1948 to 1952, inclusive, were in the total sum of $9,597,590, on which plaintiff has paid Rock Hill a total merchant's tax for those years in the sum of $9,597.59. Under Ordinance No. 133 of Rock Hill, a merchant is defined as follows: "Whoever shall deal in the selling of any goods, wares or merchandise at any store, stand or place occupied for that purpose within Rock Hill Village, is hereby declared to be a merchant, except as is or may be otherwise provided by ordinance." The ordinance provides that a person so defined must make and file an annual statement of the aggregate sales made by him preceding June 1, and requires the city to levy a tax of one dollar for each $1,000 or fractional part thereof of sales at each store, stand or place occupied for that purpose within the corporate limits of Rock Hill. The form of merchant's license is incorporated in the ordinance referring to the tax as "the tax and license upon —— as a merchant for the year ——," and authorizes the taxpayer "to sell any goods, merchandise * * *, at any store; stand or place of business within the Village * * *."

Warson Woods is a duly incorporated village under Section 80.020 RSMo 1949, V.A.M.S., and adjoins the corporate area of Rock Hill. Since February 9, 1949, under its Ordinance No. 54, Warson Woods has required merchants doing business in that village to obtain a merchant's license, and pursuant thereto has demanded of plaintiff payment of such license, measured by plaintiff's gross sales, which tax the plaintiff has refused to pay. Its ordinance requires levy and payment of one dollar on each $1,000 of the gross sales, or fraction thereof, as a prerequisite to the issue of such license. A penalty is provided for noncompliance with the ordinance.

All of the check-out counters and cash registers in plaintiff's store at which the merchandise selected for purchase was checked and the sale prices computed and paid, are located in that portion of the store building which is within the boundary lines of the defendant Rock Hill, as are also 86.6 percent of the floor area and 65.7 percent of the frontage. The remaining 13.4 percent of the floor area and 34.3 percent of the frontage lie within the boundaries of Warson Woods. Adjacent to the building is a lighted, paved parking area, consisting of 59,500 square feet, of which 96.6 percent is located in Warson Woods, and 3.4 percent within Rock Hill. The lease under which plaintiff occupies the store building provides that plaintiff may have the use of and access to said parking area for its customers, along with tenants of adjoining premises. Also, during the month of December, the plaintiff, in addition to using the parking area for such parking purposes, has used a portion thereof for the display and sale of Christmas trees and Christmas decorations, and a stand therefor was erected, all entirely within that portion of the parking area which is situated within Warson Woods. The receipts from such Christmas sales so located for the years 1947 to 1952, inclusive, totaled $40,256.26.

Ordinance No. 54 of Warson Woods defines the term "merchant" as follows: "The term 'merchant' as used in this ordinance shall include every person who shall deal in the selling of any goods, wares, merchandise or personal property of any description *or the rendering of any service in connection therewith* at any store, stand, or place within the Village of Warson Woods, except as is or may be otherwise provided in this ordinance." (Italics supplied.) This ordinance requires a merchant's license as a prerequisite to doing business as a merchant, as so defined, and application therefor is based on an annual statement of the aggregate sales made. The license tax levied is referred to as imposed "upon the privilege of engaging, within the limits of the Village of Warson Woods, Missouri, in the business of a merchant as defined in Section 1 hereof." A blank form of the license is contained in the ordinance in the same words as appear in the blank form of Ordinance 133 of Rock Hill, except as to the amount paid, name of taxpayer, tax period and name of village.

The court entered its findings and decree to the effect that both the defendants have attempted to collect a merchant's tax from the plaintiff under their merchant's tax ordinances, respectively; that the ordinance of Rock Hill contemplates that a merchant is one dealing in the selling of goods, wares and merchandise within the limits of the city, and that the tax is measured by the volume of sales; that the Warson Woods merchant's tax ordinance contemplates not only one dealing in such goods, wares and merchandise, but includes the doing of work or rendering of any services in connection therewith, which, the court said, may refer to the idea of "dealing," or "selling" or, possibly, "goods, wares and merchandise." The court further found that in any event, the ordinance of defendant Rock Hill was valid, enforceable, and that the tax collected thereunder was authorized by law. The court further found that even though the actual sales of the articles were not made within the limits of Warson Woods, the tax imposed by that village would be valid on the theory that work or service had been rendered in connection therewith. The court held that Warson Woods had a right by its ordinance to define the term "merchant" in broader terms than that contemplated by the Rock Hill ordinance, and points out that the plaintiff raises no question about the right of Warson Woods to define "merchant" as it appears in the Warson Woods tax ordinance. The court ordered that the plaintiff make its returns to defendant Warson Woods in accordance with the ordinance of that city. Subsequently, upon motion, the court amended its findings and decree by sustaining the motion of the defendant Warson Woods for judgment on its crossbill against the plaintiff for merchant's taxes for the years 1949 to 1952, inclusive, in the total sum of $9,515.38, which included interest accrued.

Plaintiff complains that the court erred in construing Ordinance 54 of Warson Woods as imposing a merchant's tax based on gross sales made outside of the geographical limits of that village. It further argues that the ordinance should have been construed as a revenue measure, not as a regulatory measure, and, therefore, to be construed strictly in favor of the taxpayer; that strictly construed, the wording of the ordinance (Section 1) limits the term "merchant" to one engaged "within the limits of the Village of Warson Woods," and that the court erred in not construing the word "service" in the Warson Woods ordinance defining a merchant also as one "rendering any service in connection therewith," as meaning work or labor, and that the "rendering" of any service, to be applicable, must have been for a consideration; and, lastly, "that the court erred in failing to construe the objects of taxation as set out by the ordinance according to their popular signification."

As to the judgment on the counterclaim of defendant Warson Woods, plaintiff contends that (1) said defendant is without legal capacity to maintain an action to collect such taxes in its own behalf; (2) that such judgment was based on the theory that there was rendering of service by plaintiff in connection with sales outside the village, contrary to the evidence; (3) that such judgment is not authorized by the pleadings because based on gross sales outside the limits of said defendant, whereas the counterclaim was pleaded and tried on the theory that such sales were within its limits, and (4) such judgment is based on gross sales made by plaintiff outside of Warson Woods, whereas the ordinance limits the tax to sales within the Village.

Plaintiff makes the further point that the judgment and decree of the court deprived it of its equal protection under the law, in violation of Article I, § 2 of the Constitution of Missouri, V.A.M.S., and deprives it of its property without due process of law in violation of Article I, § 10 of the Constitution of Missouri, and the Fourteenth Amendment to the Constitution of the United States.

It is the position of the defendant Warson Woods that the plaintiff is a merchant doing business as a retail grocer at a "store, stand or place" in Warson Woods, and that such village is therefore authorized to require

plaintiff, pursuant to its Ordinance No. 54, to obtain a merchant's license as a prerequisite to doing such business, and to pay a merchant's license tax, measured by its gross sales made at such store. Warson Woods strongly urges that the mere fact that the plaintiff's cash registers where merchandise is paid for may be located in that portion of the store which is outside the boundary line of Warson Woods does not affect the liability of the plaintiff in the premises. The defendant Rock Hill reasserts the legality of its ordinance, and its collections of merchant's tax from the plaintiff, as shown.

█ We believe the points raised can be considered together, because they are all dependent upon one theory which we believe erroneous. There is a statutory definition of a "merchant." Section 150.010 RSMo 1949, V.A.M.S., reads as follows: "Every person, corporation, copartnership or association of persons, who shall deal in the selling of goods, wares and merchandise at any store, stand or place occupied for that purpose, is declared to be a merchant. Every person, corporation, copartnership or association of persons doing business in this state who shall, as a practice in the conduct of such business, make or cause to be made any wholesale or retail sales of goods, wares and merchandise to any person, corporation, copartnership or association of persons, shall be deemed to be a merchant whether said sales be accommodation sales, whether they be made from a stock of goods on hand or by ordering goods from another source, and whether the subject of said sales be similar or different types of goods than the type, if any, regularly manufactured, processed or sold by said seller." The above statute, however, has been held to define "merchant" for the purpose of ad valorem taxes, and not for all purposes. Campbell Baking Co. v. City of Harrisonville, 8 Cir., 50 F.2d 670, 675, overruled on other grounds; Cripe Baking Co. v. City of Bethany, 8 Cir., 64 F.2d 755. A tax when measured on the gross receipts or volume of business is not an ad valorem tax but is an occupation or privilege tax. The term "merchant" in a statute as applied to privilege taxes levied by a municipality means "'One making a business of buying and selling commodities; a trafficker; a trader.' Secondary meaning: 'One who carries on a retail business.'" Viquesney v. Kansas City, 305 Mo. 488, 498, 266 S.W. 700, 703. See General American Life Ins. Co. v. Bates, 363 Mo. 143, 155, 249 S.W.2d 458. There appears no conflict between the statutory definition of "merchant" set forth in Section 150.010 and the definitions thereof contained in the ordinances of the two defendants hereinbefore set forth. 38 Am. Jur., page 49, § 359. We conclude that the definitions of "merchant" in both ordinances were authorized for the purposes expressed.

█ The two defendants, at all times in question, had been and were duly organized and incorporated, Rock Hill as a city of the fourth class, under Chapter 79, and Warson Woods as a village, under Chapter 80, RS Mo 1949, V.A.M.S. It is not disputed that, as so organized, Rock Hill, under § 94.270, and Warson Woods, under § 80.090(4), were authorized to regulate, license, and levy a license tax on "merchants." This would include their right to maintain actions to recover such taxes.

Assuming then that defendant Warson Woods had the authority to regulate merchants within its boundaries by requiring a license to do business as such and by imposing a tax on such license, measured by gross sales, and to define the term "merchants," it remains only necessary to construe the meaning of the definition of "merchants" in its Ordinance No. 54, and to apply the stipulated facts thereto, in order to determine the points made here on appeal. It will be noted that the definition of "merchant" in Ordinance 54 of defendant Warson Woods differs from the definition of "merchant" in Ordinance 133 of Rock Hill in that Ordinance 54 contains these words: "or the rendering of any service in connection therewith at any store, stand or place within the Village * * *," etc. Not only does the Village of Warson Woods contend that the plaintiff was a merchant under the first clause of the definition in its Ordinance 54, which reads: "Every person who shall

deal in the selling of any goods, wares, merchandise or personal property of any description * * * at any store, stand or place within the Village of Warson Woods * * *," but insists further that the plaintiff answered the description of one "rendering any service in connection therewith at any store, stand or place within the Village," etc. In other words, Warson Woods, in effect, insists that its definition of "merchant" would apply to the plaintiff, even if it were changed to read as follows: "The term 'merchant' shall include every person who shall *deal* in the rendering of any *service in connection with the selling of any goods*, wares, merchandise or personal property of any description, *at any store,* stand or place *within the Village of Warson Woods*, except as is or may be otherwise provided in this ordinance."

Such, as we understand it, was the theory of the trial court's construction and decree wherein the court held that "It would also seem that the tax under the Warson Woods ordinance, even though the actual sale of the articles is not made within that village, would also be valid on the theory that work or service has been rendered in connection therewith." The plaintiff insists that the words "rendering of any service in connection therewith," has reference only to the phrase "goods, wares, merchandise or personal property of any description," under the last antecedent doctrine. Nordberg v. Montgomery, 351 Mo. 180, 173 S.W.2d 387, 390. The rule is there quoted as follows: "'By what is known as the doctrine of the "last antecedent," relative and qualifying words, phrases, and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to or including others more remote.'"

■■ It seems reasonable to us that the ordinance intends, and we think it should be so construed, that so long as there continued a dealing in the selling of merchandise at a given store, stand or place located in Warson Woods, one who, *as a part of such business*, deals in rendering services in such store, stand or place, connected with the selling of such merchandise, would be considered a "merchant," for the purposes of the license tax. "To deal in the selling of a thing is to traffic, to trade in the selling of it, to make a business of it." State v. Martin, 5 Mo. 361.

Such clause being so considered, the question remains whether for the purposes of such tax ordinances, the fact that the final act of payment for the merchandise sold in the store takes place in a portion thereof over the line and within the boundaries of a contiguous municipality, would exempt such person from liability for a merchant's license tax under the ordinance.

■ As a rule the situs of a sale is controlling in determining whether it is taxable under a sales tax. Ordinarily, sales which take place outside of a certain jurisdiction are not subject to its sales tax. 53 C.J.S., Licenses, § 26, pp. 554, 555. However, as pointed out, the tax here in question is not a tax on the sales, but upon the privilege of doing business as defined in the ordinance. "The subject matter of a business or occupation tax, however, is not the sale, even though sales of the character specified are utilized as a measure of the tax to be assessed, and are essential to a determination that a person is engaged in a taxable occupation. It is not a privilege tax on purchasers, or a tax on the property or the income. It is on the privilege or occupation, that is, on the person for the privilege of engaging in the business or occupation designated, * * *." 53 C.J.S., Licenses, § 30, p. 573. The same authority says: "Where a person conducts the same business at several different places, as a general rule he must procure the required license or pay the required tax for each establishment, unless, under particular statutes or ordinances, only one license or tax is required. * * *" "It has also been held that double taxation in the prohibited sense does not result from the levy of two or more excise, occupation, or license taxes for different purposes, *or pursuant to two different powers of government*, * * *." (Italics supplied.) 53 C.J.S., Licenses, § 24, p. 551.

A similar question arose in American Mfg. Co. v. City of St. Louis, 270 Mo. 40, 192 S.W. 402, 403, in an action to recover manufacturer's license taxes paid to the City of St. Louis. The taxes in question had been assessed against the plaintiff's sales effected out of the State of Missouri of goods made and manufactured in St. Louis. Under statutory authority, the city had passed an ordinance forbidding persons to pursue manufacturing business in the city without first procuring a license and paying the tax therefor. The court, while recognizing the fact that a taxing authority cannot extend its power to property outside its boundaries, said 270 Mo. at page 46, 192 S.W. 403: "The tax is none the less a tax upon the business of manufacture pursued in the city of St. Louis under the protection of the laws of this state and the ordinances of the city. Any other interpretation of the ordinance under which the business is licensed would not only do violence to its terms, but would ascribe to the legislative department of the city the absurd intention to give every person and corporation, that might desire to avail themselves of it, the unlimited right to pursue the business of manufacturing in the city without license or the payment of any tax upon the privilege provided they would store their product outside the city limits and sell it through nonresident agencies, to customers in other states." The court further said: "We hold that the tax in question is a tax upon the privilege of pursuing the business of manufacturing these goods in the city of St. Louis; that, when the goods were manufactured, the obligation accrued to pay the amount of the tax represented by their production when it should be liquidated by their sale by the manufacturer; that their removal from the city of St. Louis and storage elsewhere, whether within or without the state, worked no change in this obligation; that their sale by the respondent wherever they may have been stored at the time, whether it was done through its home office in New York or the office of its factory in St. Louis, should have been reported in its return to the license collector of the city of St. Louis and the amount included in fixing the amount payable on account of its license tax."

 In our opinion the liability of the plaintiff for the privilege of doing business as a merchant in Warson Woods was not affected by the fact that the gross sales on which the tax was measured were concluded outside the boundary line of Warson Woods. It follows that the points raised by the plaintiff are found to be without merit. We conclude that the trial court properly ruled the issues for the defendants and against the plaintiff on the petition, and in favor of the defendant Warson Woods on its counterclaim. Judgment affirmed.

ELLISON, P. J., and LEEDY, J., concur.