The MAY DEPARTMENT STORES COMPANY, a Corporation, d/b/a Famous-Barr Company, Respondent,

v.

UNIVERSITY CITY, a Municipal Corporation, Charles T. Henry, City Manager, Victor Ellman, Director of Finance, and James Damos, Chief of Police, of City of University City, Appellants.

No. 54912.

Supreme Court of Missouri, Division No. 2.

Sept. 14, 1970.

Motion for Rehearing or to Transfer to Court En Banc Denied Oct. 12, 1970.

Lewis, Rice, Tucker, Allen & Chubb, Robert S. Allen and Dominic Troiani, St. Louis, for respondent.

John J. Morris, City Counselor, University City, for appellants.

STOCKARD, Commissioner.

Defendants have appealed from an adverse judgment in plaintiff's action for a declaratory judgment in which it requested and obtained a ruling that it is not required to pay, in addition to that previously paid, any merchants license tax for the year 1968 to the City of University City, Missouri. The City filed a counterclaim for $24,184.10, the amount, together with interest and penalties, which it claimed to be due and owing by plaintiff. By reason of the ruling on plaintiff's petition, the counterclaim was denied.

Plaintiff is a corporation doing business as Famous Barr Company. It owns and operates several large department stores, one of which, known as its "Clayton Store," consists of a five-level building and two other buildings. The five-level building is located in the City of Clayton and the other two buildings, much smaller and consisting of a tire center and a garden shop, are located in University City. A "basement store" extends eastward underground from the five-level store into University City. Parking facilities are maintained in each municipality.

Prior to December 27, 1967, § 18–54 of the University City Ordinances dealing with licenses and business regulations, defined a "merchant" as follows: "Whoever shall deal in the selling of any goods, wares, merchandise or services at any store, stand or place occupied for that purpose within the city, retail or wholesale, is hereby declared to be a merchant." § 18–56 of the ordinances provided that on or before the last of April of each year a merchant should apply to the city director of finance for a license and submit "a statement showing the amount of gross receipts of such person during the preceding calendar year, together with the amount of the license fee, which shall be the sum of one dollar for each one thousand dollars or fraction thereof of gross receipts during the preceding calendar year; * * *." Prior to the year 1968, plaintiff reported in its statement to University City all of its receipts from sales at the tire center and garden shop, and all the receipts from sales in the various departments in the basement store which were located in University City. A few departments in the basement store were physically located in both Clayton and University City. Plaintiff allocated and reported to the respective cities a proportionate part of the receipts from sales based on the percentage of floor space in each city occupied by these departments. Plaintiff's record of sales was broken down by departments, and there is no contention that the method did not or could not accurately reflect the correct amount of sales made in each department of the Clayton Store.

On December 27, 1967, the ordinance defining the term "merchant" was changed to read as follows:

"The term 'merchant' as used in this chapter shall include every person, firm or corporation who shall deal in the selling of goods, wares, merchandise or personal property of any description, *or the rendering of any service in connection therewith* at any store, stand or place within the City of University City except as is or may be otherwise provided by this chapter." (Emphasis added.)

No change was made in § 18–56 which provided how the amount of the license tax should be determined. Plaintiff reported its receipts from sales to University City in the same manner as in previous years,

but a merchants license was refused. University City contends that by reason of the emphasized language of the new definition of the term "merchant," plaintiff is now required to pay the prescribed license tax based on the total gross receipts at the Clayton Store, including the gross receipts from sales made in buildings and departments wholly outside the limits of University City.

Although plaintiff contends with considerable persuasion that University City does not have the authority to compute the merchants license tax on the sales of goods, wares, merchandise and personal property made outside of its limits, we conclude that a reasonable construction of the provisions of the applicable ordinances do not call for a measurement of the tax on such basis.

Subsequent to December 27, 1967, the effective date of the amendment to the definition of the term "merchant," it is clear that plaintiff's activities within the limits of University City resulted in it being a merchant within the meaning of the amended definition. In other words, the amendment did not change the classification of plaintiff; its activities before and after the amendment resulted in it being classified as a merchant. But, as previously noted, § 18–56, the provision setting forth the measurement of the amount of the license tax, was not changed. It still provides for "one dollar for each one thousand dollars * * * of gross receipts * * *." The question then is, gross receipts from what? We necessarily must turn to the amended definition of the term "merchant," and there we find the activities which constitute a person a "merchant" to be as follows:

(1) dealing in "the selling of goods, wares, merchandise or personal property * * * at any store, stand, or place within the City of University City," *or* (2) "the rendering of any service [in University City] in connection *therewith*," that is, in connection with the selling of goods, wares, merchandise or personal property "at any store, stand

or place within the City of University City."

When amended § 18–54 and § 18–56 are read together, the clear and unmistakable language is that the license tax shall be measured by (1) the amount of the gross receipts from sales of "goods, wares, merchandise and personal property * * * at any store, stand, or place within the City of University City," and (2) the amount of the gross receipts from "any service [rendered in University City] in connection" with the sales of goods, wares, merchandise and personal property at any store, stand, or place within University City. This construction of the ordinance necessarily refutes any claim of University City that it is entitled to compute the amount of the license tax on the basis of the sales of goods, wares, merchandise or personal property made outside the City.

University City relies primarily on Food Center of St. Louis, Inc. v. Village of Warson Woods, Mo., 277 S.W.2d 573. There the Food Center, a self-service grocery store, was partly in the City of Rock Hill and partly in the Village of Warson Woods. The ordinance of the Village of Warson Woods defined a "merchant" in substantially the identical language of the amended ordinance of University City. The Food Center contended that it was not a "merchant" in the Village of Warson Woods and therefore not required to pay to it any license tax as a merchant. This court held that the Food Center was engaged in the defined activities as a merchant in the Village of Warson Woods. There was no issue before the court, in the event the Food Center was held to be a merchant, as to the allocation of the gross receipts between the two municipalities. There is, however, language in the opinion in that case which cannot be reconciled with the result reached in this case, and insofar as it conflicts with the result here reached that language is disapproved.

The trial court decreed that the gross receipts for the measurement of the license

tax owed to University City were (1) those sales made at the tire center and garden shop, (2) those sales made in departments in the basement store located entirely in University City, and (3) a percentage of the sales made in departments located in both municipalities based on the floor space in each city. It also expressly found that "Parking facilities are not a service connected activity within the meaning of the amended ordinance," and that "In any event, it would be pure speculation to attribute gross receipts to either * * * [the] University City or * * * Clayton parking facilities." University City does not challenge this allocation of gross receipts in the event it is found not to be entitled to a license tax computed on all the sales at the entire Clayton Store, and as to this allocation made by the trial court there is nothing before us for review.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

DONNELLY, P. J., MORGAN and FINCH, JJ., and JENSEN, Special Judge, concur.