ST. LOUIS COUNTY, Missouri, a body corporate and politic, Appellant,

v.

STATE TAX COMMISSION of Missouri, J. E. (Jim) Riney, Don G. Williams, and Robert F. Love, Members of the State Tax Commission of Missouri, and McDonnell-Douglas Corporation, Respondents.

No. 59494.

Supreme Court of Missouri, En Banc.

March 13, 1978.

Larry B. Luber, John H. Quinn, St. Louis, amici.

MORGAN, Chief Justice.

This case involves construction of a revenue law of this state, specifically the Manufacturers' License Tax, §§ 150.300 et seq., RSMo 1969, which provide (§ 150.310), in part, that: "Every manufacturer in this state shall be licensed and taxed on all raw material and finished products, as well as all the tools, machinery and appliances used by them, in the same manner as provided by law for the taxing and licensing of merchants  .   .   ."

By notice dated 4 June 1974, the St. Louis County Board of Equalization raised the inventory valuation of McDonnell-Douglas Corporation, for purposes of the 1974 Manufacturers' License Tax, from $35,642,766 to $44,187,766, which increased the assessed valuation from $11,880,922 to $14,729,250. It seems agreed that said increase reflected the added value given to work-in-process *in excess* of the value of the raw material content of such work-in-process.

McDonnell-Douglas appealed to the State Tax Commission which reinstated the lesser figure after concluding that § 150.310 "does not contemplate or authorize the taxation of work-in-process, other than the true value of the material content thereof .   . " The county sought review of that decision (§§ 536.100 et seq., RSMo 1969) where the instant case was consolidated with seven other actions pending on the same issue. By judgment, the trial court affirmed the commission.

The county has appealed to this court only with respect to McDonnell-Douglas although General Steel Industries, Inc., and Debron Corporation, parties to the consolidated action in the trial court, have filed a brief as amicus curiae.

The first question is whether, for purposes of the manufacturers' tax, work-in-process should be assessed only to the ex-

Thomas W. Wehrle, George W. Lang, II, Clayton, for appellant.

Robert G. Brady, James E. Reynolds, Jr., Bryan, Cave, McPheeters & McRoberts, St. Louis, for respondents.

tent of the aggregate cost of raw material content or whether work-in-process valuation should include "value added" to raw materials, if any, by labor and overhead during the manufacturing process.

The statute in question, and heretofore noted, does not refer explicitly to "work-in-process" but allows a tax on all "raw material and finished products . . . " Nevertheless, this court has held that work-in-process is subject to the tax as "raw materials." *Mesker Brothers Industries, Inc. v. Leachman*, 529 S.W.2d 153 (Mo.1975). As said at 157–58: " . . . the legislature intended to tax all the material at any stage, entering into the final product; hence . . . raw material must be construed to include work-in-process. To rule otherwise . . . would accomplish an unreasonable and absurd result. There could be no reasonable purpose in omitting from the tax a very substantial portion of plaintiff's taxable personal property simply because some work (little or much) had been done upon it . . . We believe that the legislature intended to tax all of plaintiff's tangible personal property used in the manufacturing process." At that time, the court declined to rule on the contention of amicus curiae (one of the respondents in this case) that work-in-process, if taxable, should be valued and taxed merely at the value of the raw material content and not including the "value added" by other factors such as labor.

Article X, § 4(b), of the Missouri Constitution requires that all real and tangible personal property be assessed for tax purposes at the value as may be fixed by law. This has been interpreted to mean that " . . . such property must be assessed on the basis of 'actual or real value.'" *Robert Williams & Co. v. State Tax Commission*, 498 S.W.2d 527, 528 (Mo.1973). Thus, the question is: should not factors, which are essential to the creation of a salable product and which constitute money invested in the merchandise, properly be included in the valuation of an inventory which includes that product?

In *Stephen and Stephen Properties, Inc. v. State Tax Commission*, 499 S.W.2d 798 (Mo.1973), this court declared, l.c. 802, that: "A tax assessment, though presumed valid, will not be upheld where it is clear that the assessment does not take into account all factors relevant to a determination of 'true value in money.'" See also *Meadowbrook Country Club v. State Tax Commission*, 538 S.W.2d 310 (Mo.1976); and, compare *McKay Buick, Inc. v. Spradling*, 529 S.W.2d 394 (Mo.banc 1975).

The county cites three cases from foreign jurisdictions thought to sustain its position.

The *first* is *Aeronautical Communications Equipment, Inc. v. Metropolitan Dade County*, 219 So.2d 101 (Fla.App.), *cert. denied,* , Fla., 225 So.2d 911 (1969). Therein, the court considered the question of valuation of plaintiff's "stock in trade," and concluded that where the taxpayer's stock in trade consisted of work-in-process, labor applied to raw materials must be considered. At 105, it was said that: " . . . *appreciation* is one of the criteria, as it affects the condition of the goods. Labor applied to raw materials appreciates the value of the raw materials." We recognize McDonnell-Douglas's argument that in the cited case the taxpayer sought an unreasonably low "junk value" assessment and that the court, faced with this unrealistic scrap value approach, approved the county's more convincing method of valuation. Regardless of the validity of the argument, it is true nevertheless that the opinion does stand for the fact that an assessor should consider factors other than original costs.

The *second* is *Appeal of AMP, Inc.*, 287 N.C. 547, 215 S.E.2d 752 (1975), wherein the Supreme Court of North Carolina stated that: " . . . in determining the true value in money of AMP's nondefective inprocess inventory, we believe that the proper valuation standard would be the cost of replacing the inventory plus labor and overhead. In terms of a formula, this equals replacement cost plus labor and overhead." *Id.* at 768.

The *third* is *General Motors Corp. v. State Board of Tax Appeals,* 125 N.J.L. 574,

16 A.2d 632 (Ct.Err. & App.1940). It is apparently cited by the county by reason of the court's use of the "cost" method of valuation; but, McDonnell-Douglas submits that the case supports its "cost method of valuation." We do not believe the case is persuasive or helpful to either side. It does not resolve whether a cost method should include all costs, i. e., labor and overhead or whether it should include only the aggregate costs of raw materials.

The county, thereafter, cites *American Mfg. Co. v. City of St. Louis*, 270 Mo. 40, 192 S.W. 402 (banc 1917), to emphasize the tax upon merchants and manufacturers is a tax upon property. It is then submitted that one may not, consistent with § 4(b), Article X of the Missouri Constitution, arbitrarily state that work-in-process can be valued only at its raw material content regardless of how much value has been added thereto; and, that to do so would be totally foreign to an "ad valorem" tax, which must be based on *true* or *real* value.

Respondent, McDonnell-Douglas, does not refer us to any case, factually comparable, which rejects the county's position. Argument is made, however, that (1) "there is no definition in the record defining the term 'added value,' no description of the exact composition or make-up of that figure, and no evidence as to how the 'value added' figure was computed," and that (2) "The Commission's power of equalization and review includes the power to choose among methods of valuation and to make those methods uniform . . . " and that "The Court may not substitute its discretion for the discretion vested in the Commission in this area unless the Commission's findings involve an abuse of discretion." The two points will be considered in order.

As to point (1), it is true that speculative assumptions cannot be approved in cases involving the assessment of taxes. *Frontier Airlines, Inc. v. State Tax Commission*, 528 S.W.2d 943 (Mo. banc 1975). However, respondent cannot rely on the argument it now makes. This, for the simple reason it is admitted that the parties stipulated as to the "value added" amount,

which may well explain why the county did not build a complete record precisely developing the same. In its brief, respondent now contends that the stipulation was entered into solely "to put a ceiling on the amount of taxes in controversy" because of the "vagaries and unknowns inherent in Appellant's method of valuation." Even though the argument be accepted at face value, the fact remains that in lieu of evidence there was a stipulation and neither party should be prejudiced thereby. The stipulation, at the time, avoided tax delinquencies and created a vehicle for the payment of a tax and issuance of a license pending resolution of the litigation. Our subsequent disposition of this case makes the point moot in any event.

As to point (2), respondent relies on the limitations placed on appellate review by this court in *Xerox Corporation v. State Tax Commission*, 529 S.W.2d 413 (Mo. banc 1975), and quotes from page 416 thereof, to-wit: "In performing this particular function, the Commission is acting as 'an "administrative arm" of the Legislature,' and its actions are primarily 'legislative in character.' *Missouri Southern R. Co. v. Public Service Commission*, 279 Mo. 484, 214 S.W. 379, 380 (1919). In this particular situation, involving the exercise of administrative discretion, we believe the courts should not interfere unless there is an abuse of such discretion." *See also St. Louis County v. State Tax Commission*, 406 S.W.2d 644 (Mo. banc 1966); *Taney County v. Empire District Electric Company*, 309 S.W.2d 610 (Mo. 1958).

We reaffirm our holding in the *Xerox* case but find it inapplicable to the immediate issue. Where an administrative decision resolves an issue of fact, a reviewing court may not substitute its own judgment for that of the agency, if its findings of fact are supported by competent and substantial evidence. "On the other hand, where an administrative decision is clearly based upon the agency's interpretation or application of the law, the administrative conclusions of law and decision based thereon are matters for the independent judg-

ment of the reviewing court, and correction where erroneous." *State Board of Registration for Healing Arts v. Masters*, 512 S.W.2d 150, 158 (Mo.App.1974). "In other words, there is no discretion lodged in the administrative body that in any way restricts or limits the right and duty of the court to interpret the law applicable to the case before it." *Gilmore v. Thompson*, 413 S.W.2d 20, 22 (Mo.App.1967). *See also Wolf v. Missouri State Training School for Boys*, 517 S.W.2d 138 (Mo. banc 1974); *Smith v. Missouri State Highway Commission*, 488 S.W.2d 230 (Mo.App.1972); *Crawford v. Industrial Commission*, 482 S.W.2d 739 (Mo.App.1972); and, *Kroger Company v. Industrial Commission of Missouri*, 314 S.W.2d 250 (Mo.App.1958).

We have no difficulty in finding that this court has the power to interpret the statute in question and decide the question of law presented without restraint or restriction.

The two decisions of the Supreme Court of the United States cited by amicus curiae do not dissuade us. In *Dobson v. Commissioner of Internal Revenue*, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248 (1943), the court did point out the special problems involved in judicial review of tax questions, but went on to note that whether a Tax Court's decision was in accordance with law was " . . . a clear cut question of law and is for decision by the Courts." *Id.* at 492–93, 64 S.Ct. at 242, *N.L.R.B. v. Hearst Publications, Inc.*, 322 U.S. 111, 64 S.Ct. 851, 88 L.Ed. 1171 (1944), the other case cited, is distinguishable. Therein, the court was dealing with a rather special statutory responsibility afforded the Board in contrast to the general statute now in question. Of immediate interest, however, is the court's observation, l.c. 130–31, 64 S.Ct. 860, that: "Undoubtedly questions of statutory interpretation, especially when arising in the first instance in judicial proceedings, are for the courts to resolve, giving appropriate weight to the judgment of those whose special duty is to administer the questioned statute."

We pause to make an observation which tends to simplify the underlying problem, i.

e., raw materials may *depreciate* or *appreciate* in value as they proceed along an assembly line—a possibility which exists herein. For that reason we are not in a position to declare, in this case, that an airplane wing only one turn of a screwdriver from being a finished product has a "true" or "actual" value only of its raw material content. Necessarily, we must reverse the holding of the Tax Commission to the contrary, which was predicated upon its resolution of a question of law and not upon a factual finding.

We hold that the statute in question shows an intent to assess all of a manufacturer's inventory for licensing purposes. Under the law, this must entail an assessment of such property that includes all relevant factors to arrive at a true or actual value. In doing so, the Commission should follow the dictates of the *Xerox*, case, supra, in designing a formula for assessment, and absent "an abuse of discretion" this case can provide that guidance the parties have assigned to it.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

All concur.