CITY OF HANNIBAL ex rel. BASSEN, Collector, Appellant, v. BOWMAN et al., Executors of Will of DANIEL CONEY.

### Division One, March 12, 1902.

1. **Cities:** The city of Hannibal is not a political subdivision of the State.

2. **Appellate Jurisdiction:** SUIT FOR CITY TAXES. The appeal in a suit by a city for back city taxes, asking for $2,113, and ten per cent attorney's fees to be taxed as costs, is to the Court of Appeals.

3. ———: ———: CONSTRUCTION OF REVENUE LAWS. The construction of the statute providing "for the collection of taxes levied on personal property by cities organized or existing under a special charter," does not so involve the construction "of the revenue laws of this State," as to alone give the Supreme Court jurisdiction of an appeal in a suit for back city taxes.

Appeal from Hannibal Court of Common Pleas.—*Hon. David H. Eby,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Thos. H. Bacon* for appellant.

*F. L. Schofield* for respondents.

BRACE, P. J.—This is an action to recover sums of money claimed to be due the city of Hannibal from the estate of said testator, for back taxes on personal property for the years 1893, 1894, 1895, 1896 and 1897. The aggregate amount claimed, including interest and penalties, is two thousand one hundred and thirteen dollars. The petition prays for judgment for treble that amount, with ten per cent attorney's fee to be taxed as costs, but it is conceded that there is no law authorizing a judgment trebling the amount claimed. So that the real amount in dispute exclusive of costs is said sum of $2,113. [Wilson v. Russler, 162 Mo. 565; Anchor Milling Co. v. Walsh, 97 Mo. 287; State ex rel. Lingenfelder v. Lewis, 96 Mo. 148.] No Federal or constitutional question is raised in the case. No State officer is a party to the action. The city of Hannibal is not a political subdivision of the State. The title to real estate is not involved, and while the construction of the statute providing "for the collection of taxes levied on personal property by cities organized or existing under a special charter" (Laws 1897, p. 213) is involved, the construction of "the revenue laws of this State" is not involved within the meaning of section 12, article 6 of the Constitution. Hence, this case is within the jurisdiction of the St. Louis Court of Appeals, to which court it ought to be transferred, and it is accordingly so ordered.

All concur, except *Valliant, J.*, absent.