CITY OF ST. JOSEPH, Respondent, v. METROPOL-
ITAN LIFE INSURANCE COMPANY, Appel-
lant.

**Kansas City Court of Appeals, December 19, 1904.**

**MUNICIPAL CORPORATIONS: Occupation Tax: Repeal: Statutory
Construction.** Section 5508, Revised Statutes 1899, has not been
repealed by section 8043, and cities of the second class may
levy and collect a tax against insurance agents.

Appeal from Buchanan Criminal Court.—*Hon. Benj. J.
Casteel,* Judge.

AFFIRMED.

*R. L. Spencer, Nathan Frank, Richard A. Jones*
and *Max W. Oliver* for appellant.

(1)   The license fee of $50 imposed by section 1,
chapter 40 of the laws of the city of St. Joseph for
the non-payment of which  judgment appealed  from
was entered, is of such amount and levied under such
conditions that it is manifestly not simply a charge
made for the purpose of defraying the expense of en-
forcing a police regulation, but is a tax for the purpose
of providing revenue.   Lamar v. Adams, 90 Mo. App.
40; St. Louis v. Spiegel, 75 Mo. 145; Kansas City v.
Grush, 151 Mo. 128; Ward v. Maryland, 12 Wall. 418;
Tel. Co. v. Medford, 115 Fed. 202.   (2) Being a tax,
the ordinance of the city of St. Joseph providing for
the levy and collection of this license fee is in conflict
with the general law of the State (art. 8, chap. 119)
enacted in 1895 in so far as it can be held to apply
to foreign insurance companies, and so of non-effect
as to them, for this act expressly provides that the two

per cent per annum on all premiums which all foreign companies are obliged to pay the State irrespective of the net amount collected less loss by return of premiums or under the policies shall be in lieu of all other taxes. Its language is not limited in its scope to State taxes, nor are those levied by the various municipal subdivisions of the State excluded from its effect. R. S. 1899, sec. 8043. (3) The city of St. Joseph is a municipal corporation and is not authorized to levy or collect taxes of any kind, or for any purpose without express authority from the General Assembly. Ruggles v. Collier, 43 Mo. 353; State v. Shortridge, 56 Mo. 126; Grading Co. v. Holden, 107 Mo. 305; State ex rel. v. Mason, 153 Mo. 23; R. S. 1899, sec. 5508, pp. 1275, 1276 and division 17, p. 1278. (4) The exercise of the right of taxation by the city of St. Joseph in so far as it is sought to be applied to foreign insurance companies is inconsistent with the provisions of section 8043, Revised Statutes 1899, before referred to.

*Allen & Mayer* for respondent.

(1) Respondent's charter gave it the power to license, tax and regulate insurance companies doing business within the city. R. S. 1899, sec. 5508. (2) Unless section 5508, Revised Statutes 1899, has been repealed, it makes no difference whether the ordinance in question imposes the license for revenue or as a police regulation; the city had the power to license for revenue the occupation of insurance. The same ordinance now in question was, prior to the enactment of section 8043, Revised Statutes 1899, held legal and valid by the Supreme Court. St. Joseph v. Ernst, 95 Mo. 360. (3) The ordinance was not rendered invalid by the enactment of section 8043, Revised Statutes 1899; or, in other words, section 8043, Revised Statutes 1899, did not repeal section 5508, Revised Statutes 1899. Lamar v. Adams, 90 Mo. App. 35.

BROADDUS, J.—This case was taken by appeal from the judgment of the Buchanan criminal court to the Supreme Court and from thence to this, as that court had no jurisdiction. The plaintiff is a city of the second class and had in force an ordinance which reads as follows:

"No person or association, or companies of persons or corporation, shall carry on in this city, in person or by agent, the business of any kind of insurance without a license for that purpose, and the charge for such license shall be fifty dollars per year, and no license shall be issued for a shorter period than one year. Said license shall permit the insurance company securing the same to establish but one agency in said city on said license. Any person, or association or company of persons, or corporation, desiring to have more than one agency in this city, shall be required to take out a separate license for each agency, and the charge for such license for each additional agency shall be fifty dollars per year. Nothing in this section shall be so construed as to relieve any person acting as agent for such companies from the payment of a license as insurance agent."

The defendant carried on the business of insurance in plaintiff city without paying the license fee and taking out a license as required by said ordinance, whereupon proceedings were instituted against it in the police court of the city. The case was appealed to the criminal court where defendant demurred to the information, which demurrer was overruled. Judgment was rendered for plaintiff for $50, from which defendant appealed to the Supreme Court.

The right of plaintiff to impose said license tax on insurance companies was authorized by section 5508, Revised Statutes 1899. It is claimed by defendant that this section was repealed by implication by section 8043, idem, and that therefore the said ordinance ceased to

have any vitality. The question arose in the case of the City of Lamar v. Adams, 90 Mo. App. 35, where this court held that section 5508, Revised Statutes, giving to cities of the fourth class the power to tax occupations for revenue was not in conflict with, nor repealed by said section 8043. As section 5508 applies to cities of both the second and fourth class, the case cited is decisive of this. The questions raised in the two cases are similar in every respect.

The cause is affirmed. All concur.