STATE OF MISSOURI EX REL. EQUALITY SAVINGS AND BUILDING ASSOCIATION, a Corporation, Relator, v. DWIGHT H. BROWN, Secretary of State.—68 S. W. (2d) 55.

Court en Banc, February 13, 1934.

*Samuel H. Liberman* and *A. M. Menzi* for relator.

*Roy McKittrick,* Attorney-General, *Olliver W. Nolen* and *James L. HornBostel,* Assistant Attorneys-General, for respondent.

ATWOOD, J.—Relator, Equality Savings & Building Association, a corporation, commenced an original proceeding in this court by filing a petition for writ of mandamus directed against respondent, Dwight H. Brown, in his capacity as Secretary of State. Respondent entered his appearance, waived issuance and service of the alternative writ, stipulated that the petition should stand as and for the alternative writ, and filed return. Relator thereafter, on January 18, 1934, filed motion for judgment on the pleadings, and by agreement of parties the cause was submitted on briefs.

It was alleged in the petition that relator was organized as a building and loan association on January 26, 1884, under the laws of this State, and that thereafter, on February 5, 1895, its corporate existence was duly and legally extended in the manner provided by law, for a period of fifty years from and after January 26, 1884; that under Section 5613, Chapter 35, relating to building and loan associations, Laws of Missouri, 1931, page 158, the corporate existence of a building and loan association theretofore or thereafter organized may be extended for such period as may be stated in its resolution of extension adopted by a vote of three-fourths of its stockholders present at any regular or special meeting called for that purpose; that under and by virtue of said section, upon the filing of a copy of such resolution with the Secretary of State, duly certified by the president and secretary of the corporation, and payment of a fee of $5 into the State treasury, the Secretary of State is required to issue a certificate for such extension; that pursuant to the provisions of said section, at a special meeting of the stockholders of relator, called for the purpose, of which notice was waived by all of the stockholders, a resolution was adopted by a vote of all of the stockholders present, extending relator's period of corporate existence perpetually; that, as provided by said section, a copy

of said resolution, certified by relator's president and secretary, was filed with respondent and there was paid and tendered a fee of $5 into the State treasury; that, notwithstanding it was and is the duty of respondent to issue a certificate for such extension, and notwithstanding that relator has requested the issuance of such certificate, respondent has refused to issue the same and has demanded that as a condition precedent to the issuance thereof, relator pay a fee based upon its capital stock; that the only amount required, under the law relating to building and loan associations, to be paid by relator upon an extension of its corporate existence is the sum of $5, prescribed by said law to be paid into the State treasury, and that it was and is the duty of respondent to issue to relator a certificate of such extension.

Relator prayed "that a preliminary writ of mandamus be issued herein and the respondent be required to show cause on a day certain why said preliminary writ should not be made permanent and that, upon final hearing, a permanent and absolute writ of mandamus issue herein directing and requiring the respondent to issue to relator a certificate of extension of the corporate existence of the relator for a perpetual period and for such other and proper relief as to the court may seem just in the premises."

Respondent's return admitted the factual averments of relator's petition, but denied that it was his duty under the law to issue to relator a certificate for such extension, and stated that on the 11th day of October, 1933, he did, in writing make a request of the Attorney-General of Missouri for a written opinion as to the interpretation and constitutionality of Section 5613, Laws of Missouri, 1931, page 158, and the fees necessary for building and loan associations to pay for the extension of corporate existence; that on the 18th day of October, 1933, said Attorney-General rendered to him, in writing, his opinion, stating in substance that said section was and is unconstitutional, void and of no effect, for the reason that it is violative of Section 21, of Article X of the Constitution of Missouri, and that "the extension of the corporate existence of building and loan associations was subject to the fees as provided in Section 4556, Revised Statutes 1929, General Corporation Laws of Missouri, which provides that extension of corporate existence shall not be continued until said corporation shall pay into the State Treasury the sum of Fifty Dollars ($50.00) for the first $50,000.00 or less of capital stock and the further sum of Five Dollars ($5.00) for each additional $10,000.00 of capital stock." Respondent in said return further stated that by reason of said opinion he has refused, and still refuses, to issue said certificate of extension to relator, and for the further reason that Section 5613, Laws of Missouri, 1931, page 158, is unconstitutional, illegal, void and of no effect, and is no right or authority whatever for authorizing or justifying, and

does not permit respondent to issue to relator said certificate extending the corporate existence of relator, and is violative of Section 21, Article X, of the Constitution of the State of Missouri; that said Section 5613 is discriminatory and does violence to the policy of equality; that relator is not a benevolent institution within the meaning of the law, and is not exempt from the payment of corporate fees as provided in said Section 21, Article X of the Constitution of Missouri; that acceptance of the proffered fee from relator and the issuance of said certificate of extension without the additional fees as provided in Section 4556, Revised Statutes 1929, and Section 21, Article X of the Constitution of Missouri would be a violation of the oath of office of respondent and a breach of his official bond; and that he has no legal power or authority to issue to relator said certificate of extension unless relator pays all of the fees as required in said sections. The prayer of the return is that the court deny the writ of mandamus asked for by relator.

Section 5613, Laws of Missouri, 1931, page 158, relied upon by relator, is part of "An act to repeal chapter 35 of the Revised Statutes of Missouri, 1929, entitled 'Building and loan associations' and to enact in lieu thereof a new chapter to be known as chapter 35, relating to the same subject matter," and is as follows:

"Every such corporation, whether heretofore or hereafter organized, may extend the time of its duration for such period as may be stated in its resolution of extension, as adopted by a vote of three-fourths of its stockholders present at any regular or special meeting called for that purpose, and of which meeting public notice of the time, place and general purpose of such meeting shall be given in manner as provided in section 5588 of this chapter. A copy of said resolution, certified by its president and secretary, shall be filed with the secretary of state, who, upon payment into the state treasury of a fee of five dollars, shall issue a certificate for such extension, a copy of which shall be filed for record in the office of the recorder of deeds in the county wherein the original articles of incorporation have been recorded."

Respondent contends that the foregoing section is unconstitutional, void and of no effect because violative of Section 21, Article X of the Constitution of Missouri, which is as follows:

"No corporation, company or association, other than those formed for benevolent, religious, scientific or educational purposes, shall be created or organized under the laws of this State, unless the persons named as corporators shall, at or before the filing of the articles of association or incorporation, pay into the State treasury fifty dollars for the first fifty thousand dollars or less of capital stock, and a further sum of five dollars for every additional ten thousand dollars of its capital stock. And no such corporation, company or association shall increase its capital stock without first

paying into the treasury five dollars for every ten thousand dollars of increase: *Provided*, That nothing contained in this section shall be construed to prohibit the General Assembly from levying a further tax on the franchises of such corporation."

■ Ordinarily, a ministerial officer, such as respondent, may not question the constitutionality of a statute. [State ex rel. Railway Company v. Becker, 328 Mo. 541, 41 S. W. (2d) 188; State ex rel. Thompson v. Jones, 328 Mo. 267, 41 S. W. (2d) 393; State ex rel. Railroad Company v. Johnston, 234 Mo. 338, 137 S. W. 595.] However, respondent's return apparently brings him within the well-recognized exception that even such an officer can justify his refusal to perform when advised by the Attorney-General of the State that the statute is unconstitutional. [State ex rel. Wiles v. Williams, 232 Mo. 56, 71, 133 S. W. 1; State ex rel. Railway Company v. Becker, 328 Mo. 541, 41 S. W. (2d) 188, 191.]

■ Respondent's attack proceeds on the theory that the provision in the above-quoted section of the Constitution specifying the amount that must be paid into the State treasury on the creation of a corporation controls the amount that must be paid into the State treasury on the extension of the duration of a corporation that has already been lawfully created. A bare reading of this section of the Constitution discloses that it does not. It relates solely to amounts that shall be paid into the State treasury upon the creation or organization of a corporation, company or association and upon an increase in its capital stock, while Section 5613 deals only with the separate and distinct matter of extending the duration of a particular kind of corporation which has already been lawfully created, to-wit, a building and loan association, specifying the sum to be paid into the State treasury therefor. Relator does not contend that it is a corporation, company or association "formed for benevolent, religious, scientific or educational purposes." Hence, the case of State ex rel. Richey v. McGrath, 95 Mo. 193, 8 S. W. 425, cited by respondent, is without application. Neither does respondent contend that relator did not on its creation pay the amount required by the above constitutional provision. Respondent's attack upon the constitutionality of Section 5613 is without merit.

■ The provisions of Section 5613 are too clear and plain to call for construction, but respondent further contends that the amount of the fee (five dollars) therein specified to be paid into the State treasury as a condition precedent to issuance of a certificate of extension must yield to the larger amount specified in Section 4556, and pleaded in respondent's return. Section 4556, appearing in Chapter 32, Revised Statutes 1929, entitled "Corporations," is as follows:

"The powers enumerated in the preceding section shall vest in every corporation that shall hereafter be created or organized, and

any corporation, including those heretofore organized and now in existence under any general or special law of this state, may accept the provisions of the general laws of this state relating to corporations, by filing with the secretary of state a certificate of such acceptance, signed by its president and secretary, duly authorized by its board of directors and approved by a vote of three-fourths of its stockholders, at any meeting duly and legally called for that purpose—notice of such meeting first having been given in manner and form as provided in sections 4546 and 4547 of this article, or by three-fourths of the stockholders, in writing; and upon the filing of such certificate, the time of the existence of said corporation shall be extended for such period as was originally permissible to it, or as may be stated in its certificate of acceptance. But nothing herein contained shall extend or continue to any corporation organized or existing under a special law or charter any special privilege, immunity, franchises or exemptions not possessed by corporations organized under the general laws of this state; and any corporation organized or existing under special law or charter shall, by accepting or availing itself of the provisions of this section, be deemed and held to thereby waive and surrender any and all such special privileges, immunities, franchises and exemptions, and it shall be subject to all the duties and obligations of corporations under the general laws of this state: *Provided further,* that the duration of such corporation shall not be continued as aforesaid, until such corporation shall pay into the state treasury fifty dollars for the first fifty thousand or less of the capital stock of the corporation, and a further sum of five dollars for every additional ten thousand dollars of its capital stock, as provided by law. *Provided,* that nothing in this section contained shall be construed to authorize the renewal, continuance of extension of the charter of any company engaged in the manufacture or sale of illuminating gas.''

It will be observed that Section 4556, except the last proviso which is not pertinent to the matter here in controversy, relates to corporations in general while Section 5613 relates only to a particular class of corporations, to-wit, building and loan associations. In such case the rule applicable is that ''where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view of giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them, the special will prevail over the general statute. Where the special statute is later, it will be regarded as an exception to or qualification of, the prior general one; and where the general act is later, the special will be construed as remaining an exception to its terms, unless it is repealed in express words or by necessary implication.'' [Tevis

et al. v. Foley, 325 Mo. 1050, 1054, 30 S. W.; (2d) 68, 69; State ex rel. Buchanan County v. Fulks, 296 Mo. 614, 626, 247 S. W. 129; State ex inf. Barrett v. Imhoff, 291 Mo. 603, 617, 238 S. W. 122.] If there be any repugnancy between these two statutes the general statute, Section 4556, must yield to the special statute, Section 5613.

Respondent urges our decision in State ex rel. Kinloch Telephone Company v. Roach, 269 Mo. 437, 190 S. W. 862, as supporting his contention that Section 4556 is controlling. The Kinloch case is not analogous to the instant case on the point in controversy because there was no statute dealing specially with extension of duration of telephone companies. The general statute, now Section 4556, was the only one that definitely provided for such extension. In the instant case we have two statutes definitely dealing with the subject, one providing such extension for corporations in general, and one providing such extension for building and loan associations in particular.

Nor will it do to say, as respondent suggests, that Section 5613 "is discriminatory and does violence to the policy of equality." In the absence of constitutional inhibition, and none has been called to our attention, the General Assembly has power to classify corporations and deal with them accordingly, as long as such classification is reasonable and there is no discrimination between those falling within the same class. No such objections are here urged, and absent such, a law is neither local nor special within the meaning of the inhibitions imposed by Section 53, Article IV of the Constitution of Missouri. [City of Springfield v. Smith, 322 Mo. 1129, 19 S. W. (2d) 1.] In respects not properly challenged the constitutionality of a statute is presumed. The public policy of a state must be determined by its Constitution, laws and judicial decisions. [In re Rahn, 316 Mo. 492, 500, 291 S. W. (2d) 120.] Measured by this standard the public policy of this State for more than forty years has been to place building and loan associations upon a different footing from that of corporations created under the general corporation laws of the State. As early as 1889 the General Assembly provided for the extension of the time of the existence of building and loan associations, and from that day to this such legislative sanction has been in full force and effect and the only fee required to be paid into the State treasury therefor has been five dollars. Except in the instant case it does not appear that the constitutionality of this legislation has ever been challenged or compliance therewith been refused. It thus appears that respondent's contentions are opposed to rather than in harmony with the well-settled public policy of the State.

For the reasons above stated it is ordered that our peremptory writ of mandamus issue as prayed. All concur, except Hays, J., absent.