CITY OF ST. LOUIS, a Municipal Corporation, Appellant, v. LACLEDE POWER & LIGHT COMPANY, a Corporation.—152 S. W. (2d) 23.

Division Two, June 10, 1941.

*Edgar H. Wayman, Harold C. Hanke* and *Oliver Senti* for appellant.

*Fordyce, White, Mayne, Williams & Hartman* and *Jones, Hocker, Gladney & Grand* for respondent

1068

WESTHUES, C.—Plaintiff city in this suit seeks to collect from the defendant company five per cent of the company's gross receipts arising from its business of supplying electricity for light, heat and power within the city for the years 1929 to 1933, inclusive. The petition was in five counts. The total amount for which judgment was sought was $473,419.83. The trial court found for the defendant and plaintiff city appealed.

The pleadings were not questioned. We will state the principal facts upon which the case must be determined. In the year 1857 the State Legislature created and incorporated the Laclede Gas Light Company. In the year 1868 the Legislature amended the charter conferred on the gas company by the Act of 1857, so as to make the charter perpetual. The gas company operated under this charter until the year 1926, when it leased all its equipment to the defendant in this case, the Laclede Power & Light Company. About the year 1880 electricity began to push itself into the commercial field and was being utilized to some extent for power and light. In the year 1884 the city of St. Louis enacted an ordinance regulating the business of vending electricity. Section 10 of that ordinance reads as follows:

" 'Sec. 10. No person or persons, corporation or association, shall be entitled to any of the privileges conferred by this ordinance, except upon the following conditions: That said person or persons, corporation or association, before availing himself or itself of any of the

rights or privileges granted by this ordinance, shall file with the city register his or its acceptance of all the terms of this ordinance, and agree therein that he or it will file with the comptroller of the city, on the first days of January and July of each year, a statement of his or its gross receipts from his or its business arising from supplying electricity for light or power for the six months next preceding such statement, which shall be sworn to by such person or persons, or the president or secretary of such corporation or association; and further agree that he or it will, at the time of filing the statement with the comptroller, pay into the city treasurer 2½ per cent. on the amount of such gross receipts up to the year 1890, and 5 per cent. on the amount of such gross receipts thereafter.' "

That ordinance, modified in some respects not material to the issue in this case, is the basis of the city's claim. In the year 1889 plaintiff city entered into a contract with one Brown. This contract provided for the lighting of the streets of the city with electricity. The contract was, with the consent of the city, assigned to the Laclede Gas Light Company and was fulfilled by that company. The Laclede Gas Light Company continued in the field of selling electricity for both power and light until the year 1926, when, as above stated, it leased its facilities to the defendant company. The city filed a suit to collect five per cent of the gross receipts collected by the Laclede Gas Light Company under the Brown contract with the city. The city obtained a judgment in the trial court which was reversed by this court in the City of St. Louis v. Laclede Gaslight Company, 155 Mo. 1, 55 S. W. 1003. That case was decided on the theory that the city could not recover under the provisions of the ordinance above quoted, because neither Brown or the Laclede Gas Light Company had filed an acceptance of the provisions of the ordinance. Note what the court said in 55 S. W. 1003, 1. c. 1007:

"But neither, the defendant, nor its assignor, Brown, ever accepted or availed themselves of the privileges conferred by the general ordinance, which was a precedent condition to their liability on the contract for the per cent."

No further demand for the payment of the five per cent seems to have been made until the present suit was filed by the city. After the Ordinance of 1884 was enacted a number of persons and corporations filed with the city written acceptances of the ordinance and also a bond as required by the ordinance. The confusion resulting from such a wide open door policy prompted the city to change its ordinance. Thereafter the city determined the number and qualification of those to whom it granted the right to engage in that business. The above conclusions were deduced from the cases of State ex inf. Jones ex rel. City of St. Louis v. Light & Development Co. of St. Louis, 246 Mo. 618, 152 S. W. 67; State ex inf. Jones v. West End Light & Power Co., 246 Mo. 653, 152 S. W. 76. In each case a franchise

under the Ordinance of 1884 was declared forfeited because of non-user. The Phoenix Light Heat & Power Company was organized in the year 1896. It filed with the city its acceptance of the terms and provisions of the Ordinance of 1884, and actively engaged in business. This company continued in business until the year 1926, when the defendant, Laclede Power & Light Company, took over the business of the Phoenix Company under a lease and agreement of purchase contract. The territory served by the Phoenix Company was limited to what was termed the underground district. This district was bounded on the east by the Mississippi River, on the west by the west line of Twenty-second Street, on the north by the north line of Washington Street, on the south by the south line of Spruce Street. The Phoenix Company paid the city five per cent of its gross receipts as provided in the Ordinance of 1884, and since the year 1926 the defendant company has paid five per cent of the gross receipts received through the operation of the facilities of the Phoenix Company. We believe the above facts are sufficient for an understanding and determination of this case.

 Appellant, as well as respondent, briefed many points of law. For example, the constitutionality of the Act of 1868, the law of estoppel, impairment of contract and the question of the expiration of the charter created by the Act of 1857. We agree, however, with appellant city, that it is unnecessary to consider many of the points briefed. The decisive question in the case is whether the five per cent of the gross receipts which the city demands of the defendant company is a license tax, or a rental charge for the privilege of using the streets of the city. It seems to us that the conduct of the parties, that is, the city, the Laclede Gas Light Company, and the defendant company, from the first enactment of the ordinance in 1884 to the time this suit was filed, harmonizes with the theory that the charge of five per cent is a rental and not a license. If the defendant company is liable for the five per cent, then the five per cent should have been paid to the city from the first day the Laclede Gas Light Company entered the field of vending electric current. When the ordinance was first enacted in 1884 the Laclede Gas Light Company had a charter or franchise from the State. Under this charter the Gas Company had (we now quote from the charter), "the privilege and right of lighting the same, and of making and vending gas, gas-lights, gas-fixtures, and of any substance or material that may be now or hereafter used as a substitute therefor; and to that end, may establish and lay down, in said portion of said corporate limits, all pipes, fixtures, or other thing properly required, in order to do the same . . ."

It was not necessary therefore for the Gas Company to file with the city its acceptance of the provisions of the ordinances in order to obtain the privileges mentioned in the ordinance. The Gas Company

of course was bound to observe all of the regulatory measures in the ordinance whether it accepted them or not. [44 C. J. 932, sec. 3694.] We may ask, what purpose could the city have had in requiring a written acceptance of the provisions of the ordinance as a condition precedent to the right of engaging in the business of vending electricity, other than to make such an acceptance on part of the user a contract to pay five per cent of the gross receipts as a rental for the privilege of using the streets? Such was the conclusion reached in the case of City of St. Louis v. Laclede Gaslight Company, supra. The city collected the five per cent from the Phoenix Company and later collected from the defendant company on the Phoenix' business, because that company had accepted the ordinance and acquired its charter thereunder. In the case, supra, the city attempted to collect from the Gas Company on the theory that Brown, by his contract with the city, had accepted the provisions of the ordinance. In that case the court commented on the fact that the city had waited five years before making any demand for the five per cent. In this case the city collected from the defendant company, after 1926, five per cent on the Phoenix' business, but made no attempt to collect on the other business of the company, which it enjoyed under the charter from the State, until ninety days before the suit was filed on August 8, 1934. While we are taking into consideration the conduct of the city in dealing with this question, we do not consider it conclusive on the city. Many authorities, however, support the theory of the respondent company that the five per cent must, under the circumstances, be considered a rental and not a license tax. A license tax is after all a tax. [37 C. J. 168, sec. 3.] And a tax is an exaction made by a governmental authority without the assent of the parties upon whom the tax is imposed. [61 C. J. 68, sec. 3.] A rental is based on contract. If the provisions for the payment of the five per cent of the gross receipts was a license tax and not contractual, then no acceptance of the terms of the ordinance would be necessary to enforce its payment. Note the wording of the ordinance and how it harmonizes with the theory of contract:

"No person, firm or corporation furnishing or using electricity for light, heat, or power for public use shall be entitled to any privilege conferred by this ordinance except upon the condition precedent that he, they, or it file with the register his, their, *or its acceptance* of all the terms hereof, *agreeing therein* that he, they, or it will file with the comptroller on the first days of January and July of each year a statement of his, their, or its gross receipts for the six months next preceding . . ." (Italics ours.)

". . . and that he, they, or it at the time of filing such statement pay into the city treasury five per cent of the amount of gross receipts thereafter."

We are of the opinion that the charge of five per.cent is clearly a rental to be paid by those who obtain a franchise under the terms of the ordinance, and who are required, as a condition precedent to obtaining such a franchise, to agree in writing to pay the five per cent. The trial court so found. Note a portion of the memorandum opinion by that court:

"As favoring this construction, persuasively significant is the apparent acquiescence and administrative construction of the City, by its officials, over a period of more than thirty years. The clear balance of reason and authority sustains this view.

"City of St. Louis v. Laclede Gas Light Co., 155 Mo. 1, 55 S. W. 1003; City of St. Louis v. Western Union, 148 U. S. 92; Plattsburg v. Peoples Telephone Co., 88 Mo. App. 306, 96 S. W. 314; City of Lancaster v. Briggs, 118 Mo. App. 570; City of St. Louis v. Western Union, supra, had under consideration whether the ordinance there involved provided for a license tax, or was a rental ordinance. The case was decided favorable to the view here taken. Cases in other states agree with this construction."

The authorities cited are directly in point and support the conclusion reached by the trial court. Authorities in support of this theory are: 44 C. J. 997, sec. 3803 and cases cited in the notes; Western Union Telegraph Co. v. City of Richmond, 244 U. S. 160; City of Springfield v. Postal Tel. Cable Co., 253 Ill. 346, 97 N. W. 672, l. c. 674 (10, 11) ; Nebraska Tel. Co. v. City of Lincoln (Neb.), 117 N. W. 284; Lewis v. Nashville Gas & Heating Co. (Tenn.), 40 S. W. (2d) 409.

The judgment of the trial court is therefore affirmed. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.