**CITY OF NEVADA, Missouri, Respondent,**

v.

**Rex W. BASTOW, Appellant.**

No. 22964.

Kansas City Court of Appeals. Missouri.

Oct. 5, 1959.

Everett E. Teel, Nevada, for appellant.

Amos Wight, Nevada, for respondent.

MAUGHMER, Commissioner.

Appellant was charged with failure to register and purchase a city license for his tractor-trailer truck as required by ordinance of the City of Nevada, Missouri. He was found guilty by the Police Court. On appeal he was found guilty by the Circuit Court and his punishment fixed at a fine of $2 and costs. An appeal therefrom has been duly perfected to this court.

The case was tried and submitted under an Agreed Statement of Facts, the pertinent provisions of which are: The City of Nevada, Missouri is a city of the third class and as such is authorized by ordinance to levy and collect licenses taxes on owners of motor vehicles residing in said city, except that no such license tax may be collected from a resident for a motor vehicle used exclusively outside of such municipality. Sections 94.110 and 301.340, V.A.M.S. During the year 1957, Ordinance No. 2249, City of Nevada, was in full force and effect. This ordinance provided that every resident owner of a motor vehicle which shall be driven or operated on any street in the city shall cause the same to be registered with the city collector, furnish description of same, address of owner and state license plate. It provided further that upon such registration the owner should pay an "Annual license tax" of $5. The penalty provided for noncompliance was a fine of not more than $100.

It was further stipulated that defendant (appellant) was at all times involved herein a resident of Nevada, Missouri; owned and operated a tractor-trailer truck; his occupation was that of trucking, with headquarters in said city; he hauls cedar posts from Arkansas to Iowa and other states, and grain and other farm products from Iowa to Arkansas and adjoining states; that he does not pick up or discharge car-

goes in the City of Nevada, but while he is at home the truck is parked on a vacant lot in said city, and that while so parked, it is sometimes loaded and sometimes unloaded. It was further agreed that defendant at all times operated under State Permit No. T-13976, issued by the Public Service Commission of Missouri, which authorized him to operate this truck on the highways of Missouri. It was admitted that defendant's city license on said truck expired June 30, 1957, and at the times he was charged and tried, was not licensed under this city ordinance.

On appeal defendant presents two points of error, namely: First, that under Section 301.340, V.A.M.S., he is exempted from these provisions of the ordinance because his truck is used exclusively outside the City of Nevada and, second, that under Section 390.126, V.A.M.S., the city is forbidden to levy and collect such license tax on a truck which is operating under authority of the Public Service Commission of Missouri and defendant is therefore exempt from the ordinance provision in this respect.

Section 301.340, V.A.M.S., provides in part: "Municipalities, by ordinance, may levy and collect license taxes from the owners of and dealers in motor vehicles, residing in such municipalities * * *. No municipal license tax shall be collected from a resident of any municipality for motor vehicles used exclusively outside of such municipality * * *."

In 33 C.J.S. p. 112, Exclusive, it is stated: "The word is derived from 'ex,' out, and 'claudere,' to shut, and precludes the idea of coexistence. In its usual and generally accepted sense, as given by lexicographers, and in the ordinary speech of the people it means possessed to the exclusion of others; possessed and enjoyed to the exclusion of others; debarred from participation or enjoyment; not including, admitting, or pertaining to any other; * * *."

In 82 C.J.S. Statutes § 382, pp. 891, 892, 893, we find the following: "Ex-

**48**

ceptions in a statute, as a general rule, should be strictly construed, and, at the same time, exceptions should be reasonably construed; they extend only as far as their language fairly warrants, and all doubts should be resolved in·favor of the general provision rather than the exception." We do not believe that defendant's motor vehicle was "used exclusively outside of such municipality", within contemplation of the statute. Whatever office facilities he had for the conduct of his trucking business were inside the city. In the operation of defendant's affairs the truck was regularly, not just occasionally, parked within Nevada when it was empty. Even when loaded and en route between Iowa and Arkansas it was his common practice to drive into Nevada and park the vehicle over night or longer. He regularly and in these respects used the city streets and regularly parked within the city. All of this constituted usage of the truck and was a part of the trucking operation. We rule the first point against appellant.

Defendant's second point presents a more serious question. By Chapter 390, V.A. M.S., the legislature undertook the "Regulation of Motor Carriers and Contract Haulers." To do this it set up the Public Service Commission, an expert board, to promote and conserve the interests and convenience of the public and authorized this Board, within prescribed limits, to promulgate rules and regulations, compliance with which are prerequisite to licensing as contract haulers. Extra state licenses and fees are assessed against these common, contract or private carriers, the amounts of which depend upon the type of permit, the size of the vehicle and the load weight. Secs. 301.030 and 301.060, V.A.M.S.

Section 390.126, subd. 2, V.A.M.S., of this chapter reads: "No other or additional policies, bonds or licenses than those prescribed in sections 390.011 to 390.176 shall be required of any motor carrier to which sections 390.011 to 390.176 applies by any city, town ·or other subdivision of the state; provided, that this section shall not be so· construed as to interfere with the right of any county,· city or other civil subdivision of the state, to levy and collect any property tax to which such motor carrier is liable under the general revenue laws of this state within such county, city or other civil subdivision wherein the property of such motor carrier may be subject to assessment and taxation."

■ · Respondent says the purpose of the quoted subsection is to prevent cities from interfering with and duplicating the regulatory powers of the Public Service Commission. We do not agree. Cities have only such taxing and regulatory powers as have been granted to them by the legislature and there is no statute delegating even a semblance of power to regulate motor carriers and contract haulers or to tax or to license the same as such.

Respondent asserts secondarily, that Sections 301.340 and 390.126, supra, are in apparent conflict. Lastly, it is respondent's contention that Section 301.340 is a special statute, also a later statute and therefore prevails over Section 390.126, subd. 2.

■ Section 301.340 authorizes cities such as Nevada, to levy and collect a license tax from the owners of motor vehicles residing in such municipality. This statute then exempts or excludes therefrom motor vehicles used exclusively outside such municipality. Chapter 390, in addition to its regulatory provisions as to motor carriers, levies taxes and license fees against them, and then declares that no additional license shall be required of them by any city or town. The quoted clause of Section 390.126, subd. 2 seems to be plain and unambiguous in its meaning. Any doubt as to its reasonable meaning is further clarified by the provision that it shall not be construed so as to interfere with the right of any city to collect any *property tax* to which such motor carrier is liable under the general revenue laws. By removing "property tax" from the ban against city taxation

the legislature clearly·indicated its intention that the exemption should apply to all other city taxes—certainly as to all city licenses.

■ In so far as our purposes here are concerned it makes little difference which section was first enacted or which had the last legislative attention of our legislature by modification or by amendment. As was stated in 82 C.J.S. Statutes § 289, pp. 487, 488: "It will be presumed that the legislature, in enacting a statute, acted with full knowledge of existing statutes relating to the same subject; and, where express terms of repeal are not used, the presumption is always against an intention to repeal an earlier statute, unless there is such inconsistency or repugnancy between the statutes as to preclude the presumption, or the later statute revises the whole subject matter of the former."

■ Neither of the sections here in controversy expressly repeals the other and neither revises the whole subject matter of the other. The exemption under Section 390.126, subd. 2 is not really any more inconsistent with or more repugnant to the general grant of the licensing power in Section 301.340, than is the one specific exemption contained in the latter section. Nor is either so inconsistent with the other as to overcome the presumption that the legislature acted with full knowledge of its existing legislative enactments in both fields. We hold these two statutes are not in conflict as respects whether the one repealed the other by implication, and under reasonable construction both should be permitted to stand.

With a commendable sense of fairness, respondent has cited City of St. Charles v. Inter-Insurance Exchange, Mo.App., 108 S. W.2d 626. There the defendant company was fined for failure to pay a license fee for its attorney in fact, as provided by a city ordinance. This case required inter-

pretation of Section 6840, R.S.Mo.1929, V. A.M.S. § 94.110, which conferred upon cities of the third class the power to impose a license tax upon insurance companies generally, and Section 5976, R.S.Mo.1929, V.A.M.S. § 375.900, which provided that the fee paid by an attorney in fact executing reciprocal or inter-insurance contracts for license procured from the State Superintendent of Insurance shall be "* * * in lieu of all license fees and taxes of whatever character in this state." The court there held (1) A municipality of the third class was without authority to impose a license tax on an attorney in fact transacting such business. (2) These two statutes could be harmonized and were construed so as to uphold both and, (3) These two statutes were not conflicting so that one repealed the other by implication. This decision was later specifically approved in City of Cape Girardeau v. Comer, Mo.App., 119 S.W.2d 1005.

■ We believe these two decisions are completely applicable to our case and on all contested issues. We are in accord with the logical reasoning therein. It is our belief that the legislature intended to exempt motor vehicles on which Public Service Commission permits as carriers were granted from all city licenses and taxes except property taxes. This defendant was fined for failure to pay a license tax and not a property tax. We rule that the city is and was unauthorized to impose such license tax.

It follows, therefore, that the judgment must be and is reversed.

SPERRY, C., concurs.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court. All concur.