CITY OF POPLAR BLUFF, Missouri, a municipal corporation, Plaintiff-Respondent,

v.

POPLAR BLUFF LOAN AND BUILDING ASSOCIATION, a savings and loan association, Defendant-Appellant.

No. 8185.

Springfield Court of Appeals.

Missouri.

July 17, 1963.

John A. Casey, Poplar Bluff, for defendant-appellant.

Ted M. Henson, Jr., Poplar Bluff, for plaintiff-respondent.

RUARK, Presiding Judge.

This is an appeal from a judgment in favor of third-class City of Poplar Bluff against the appellant, Poplar Bluff Loan and Building Association, in the amount of $600 on account of unpaid city license taxes for the years 1958, 1959, and 1960.

No constitutional question has been raised, but our jurisdiction appears to be somewhat cloudy because the case involves the construction of Section 148.520 in relation to Section 94.110.[1] (Unless otherwise indicated, all statutory references are to RSMo 1959, V.A.M.S.) But since we are a court of general jurisdiction, and the jurisdiction of the Supreme Court does not seem clear, we will proceed.

The city's ordinance provides for the levy and collection of an occupation license tax as follows:

"LOAN COMPANIES. Upon every loan company, the sum of Two Hundred Dollars ($200.00) per year. A loan company, or loan agent, within the meaning of this Section, is any person, firm or corporation who shall lend or offer to lend or negotiate the loan of any money belonging to himself or another and who shall advertise money to lend, or one who purchases negotiable instruments and collects the same for interest."

The appellant is a savings and loan association organized and proceeding under the provisions of Chapter 369, with its offices located within the city.

The city has only such power to tax as is plainly and unmistakably delegated to it by the state. Such power is subject to whatever limitations which may be placed upon it,[2] and any doubts concerning such power will be resolved against the city.[3] City claims such power under the terms of Section 94.110, wherein cities of the third class are authorized to levy and collect a license tax on "loan companies," without further definition. The appellant association contends: (a) it is not a "loan company" within purview of the ordinance; and (b) the license tax claimed is precluded by the provisions of Section 148.520 (as amended Laws 1959, H.B. 136).

Section 368.010 defines a loan and investment company, but such definition is limited to a corporation formed under that chapter which concerns corporations engaged in business in an entirely different manner from that of appellant. Chapter 369, under which appellant is organized and acts, covers the whole spectrum concerning the organization and regulation of savings and loan associations under the supervision of the state supervisor. Twenty-five or more individuals may organize by complying with the procedures and requirements of the chapter and by paying an "incorporation fee." Section 148.470, under the chapter dealing with taxation of financial institutions, defines an "association," which definition we think includes the appellant savings and loan association. Such associations are quasi-public financial institutions for which the state provides special supervisory and regulatory laws which are complete in themselves and are therefore exclusive (State ex rel. Wagner v. Farm & Home Savings & Loan Ass'n of

1. See Thunder Oil Co. v. City of Sunset Hills, Mo., 349 S.W.2d 82, 85; City of Berger v. La Boube, Mo.App., 252 S.W.2d 659, Mo., 260 S.W.2d 527; State ex rel. Divine v. Collier, 301 Mo. 72, 256 S.W. 455; City of Independence v. Cleveland, 167 Mo. 384, 67 S.W. 216; City of St. Joseph v. Metropolitan Life Ins. Co., 183 Mo. 1, 81 S.W. 1080, 110 Mo.App. 124, 84 S.W. 97; City of Richmond v. Creel, 253 Mo. 256, 161 S.W. 794(4); Fischbach Brewing Co. v. City of St. Louis, 337 Mo. 1044, 87 S.W.2d 648, 651; City of Hannibal, to Use of Bassen, v. Bowman, 167 Mo. 535, 67 S.W. 214; City of St. Charles v. Inter-Insurance Exchange for Automobile Club

of Missouri, Mo.App., 108 S.W.2d 626; City of Nevada v. Bastow, Mo.App., 328 S.W.2d 45; Little River Drainage Dist. v. Jones, 234 Mo.App. 816, 136 S.W.2d 440.

2. 64 C.J.S. Municipal Corporations § 1978, p. 644; Moots v. City of Trenton, 358 Mo. 273, 214 S.W.2d 31; Carter Carburetor Corp. v. City of St. Louis, 356 Mo. 646, 203 S.W.2d 438; City of West Plains v. Noland, Mo.App., 112 S.W.2d 79.

3. Holland Furnace Co. v. City of Chaffee, Mo.App., 279 S.W.2d 63, 68; Wilhoit v. City of Springfield, 237 Mo.App. 775, 171 S.W.2d 95, 101.

Missouri, 338 Mo. 313, 90 S.W.2d 93, 96), and the public policy is to put such organizations upon a different footing from that of regular business corporations. State ex rel. Equality Sav. & Bldg. Ass'n v. Brown, 334 Mo. 781, 68 S.W.2d 55, 59.

Section 148.480 levies an annual tax of two per cent on the taxable portion of the annual dividend yield of the investment accounts in such organizations. The association is required to pay the tax and may absorb it or charge it back to the accounts. Section 148.520 provides that the annual tax so levied shall be exclusive and *in lieu of all other taxes against or upon the associations*, their property, capital or income, except *ad valorem* taxes upon real and tangible personal property and social security, unemployment compensation and franchise taxes.[4]

■ Our first question: Is the city's license fee a tax? We think so. The charge exacted for pursuit of the occupation in which appellant is engaged is not a fee exacted to aid in police regulation. Section 94.110 does not delegate to the city the power to regulate savings and loan associations. State on Inf. Bloebaum v. Broeker, 222 Mo.App. 831, 11 S.W.2d 81(4). The

state has reserved such power unto itself. The fee charged is simply an occupation tax for the purpose of obtaining revenue,[5] which we think is an excise tax.[6] We conclude that the license fee in question falls within the "in lieu" exclusion of "all other taxes of whatsoever nature against or upon associations," as stated in Section 148.520.

■ But can the license fee be said to be a form of "franchise tax" which is an exception to the exclusion?[7] There are many definitions of the words "franchise" and "franchise taxes." See 17 Words and Phrases, pp. 689, 710, 747. The common definition of a franchise is that it is a special privilege conferred by the sovereign upon a citizen or citizens, which privilege is not common to the citizens generally.[8] Generally, a franchise tax is said to be a tax upon the privilege of existing or the privilege of doing certain things.[9]

■ The power to grant franchises is in some instances delegated by the sovereign state to a municipality. In such instances, the city acts as agent for the state.[10] The franchise often involves the use of public property; and, in such a case, the city tax upon the franchise holder can

---

4. We note, in addition to Section 148.520 in reference to savings and loan associations, Section 148.521, Laws 1961, p. 636, a similar provision as to farmers' cooperative credit associations, and Section 148.290, Laws 1961, p. 636, a similar provision as to credit unions.

5. 29 Words and Phrases, "Occupation Tax," p. 179; Moots v. City of Trenton, supra, 358 Mo. 273, 214 S.W.2d 31; State v. Bengsch, 170 Mo. 81, 70 S.W. 710; City of St. Louis v. Spiegel, 75 Mo. 145.

6. State ex rel. Missouri Portland Cement Co. v. Smith, 338 Mo. 409, 90 S.W.2d 405, 407; General Am. Life Ins. Co. v. Bates, 363 Mo. 143, 249 S.W.2d 458.

7. For discussion of whether a city license fee imposed on savings and loan association is a franchise tax see City of Griffin v. First Federal Sav. & Loan Ass'n of Griffin, 80 Ga.App. 217, 55 S.E. 2d 771.

8. 37 C.J.S. Francises § 1, p. 142; 23 Am. Jur., Franchises, § 2, p. 714 et seq.; State ex rel. Hagerman v. St. Louis & E. St. L. Electric R. Co., 279 Mo. 616, 216 S.W. 763.

9. Werner Mach. Co. v. Director of Division of Taxation, Dept. of Treasury, 17 N.J. 121, 110 A.2d 89(3); West Pub. Co. v. McColgan, 27 Cal.2d 705, 166 P. 2d 861; State ex rel. State Corp. Commission v. Old Abe Co., 43 N.M. 367, 94 P.2d 105, 124 A.L.R. 1085; Home Ins. Co. of New York v. People of the State of New York, 134 U.S. 594, 10 S.Ct. 593, 33 L.Ed. 1025; see State v. Freehold Inv. Co., 305 Mo. 88, 264 S.W. 702.

10. City of Camdenton v. Sho-Me Power Corp., Mo., 237 S.W.2d 94; State ex inf. Shartel, ex rel. City of Sikeston v. Missouri Utilities Co., 331 Mo. 337, 53 S.W.2d 394, 89 A.L.R. 607; see 23 Am.Jur., Franchises, §§ 10, 11, pp. 722, 723.

become what is really a rental charge. City of St. Louis v. Laclede Power & Light Co., 347 Mo. 1066, 152 S.W.2d 23, 25. The franchise can, of itself, be "property" (37 C.J.S. Franchises § 8, p. 151) and be taxable by the city if the statute authorizes such. 64 C.J.S. Municipal Corporations § 2000c, pp. 693, 694. But, in respect to savings and loan associations, we think there is nothing in the statutes to indicate that the legislature intended that the licensing of the pursuit of this occupation by a city should rise to the dignity of a franchise. It is sometimes said that a city license fee is a tax upon the privilege of doing business under the protection of the city ordinances.[11] But we are of the opinion that the occupation license fee on a business which does not use public facilities and which the city has no power to regulate is in reality a tax, and the so-called "privilege" which is common to anyone who can qualify as being within that class of persons is not such a special privilege as to constitute a city franchise. The requirement of payment as a condition of doing business is simply a means of collecting the tax. The legislature has reserved to the state the power to grant the privilege of existing and doing business as a savings and loan association and the power to regulate such business. The city has no power to interfere with it. The occupation license fee with which appellant is charged is not a permissible "franchise tax" so as to exempt it from the exclusion in Section 148.-520.

■ Where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but, to the extent of any necessary repugnancy between them, the special will prevail over the general statute. Where the special statute is later, it will be regarded as an exception to, or qualification of, the prior general one; and where the general act is later, the special will be construed as remaining an exception to its terms, unless it is repealed in express words or by necessary implication.[12]

In City of St. Charles v. Inter-Insurance Exchange for Automobile Club of Missouri, supra, Mo.App., 108 S.W.2d 626, Section 5976 (1929) provided for payment of certain fees to the state supervisor "which shall be in lieu of all license fees and taxes of whatever character in this state." Judge Bennick of the St. Louis Court of Appeals held this rendered the city license tax inoperative. This decision was confirmed in City of Cape Girardeau v. Comer, Mo.App., 119 S.W.2d 1005, which held, however, the "in lieu" provision did not debar a license fee charged against the *agents* of the company. The City of St. Charles case was followed by the Kansas City Court of Appeals in City of Nevada v. Bastow, supra, Mo.App., 328 S.W.2d 45, which held the city license tax against a motor carrier was rendered invalid by a provision in the statute (Section 390.126) that no other or additional licenses on motor carriers other than those provided in Sections 390.011 to 390.176 shall be required.

■ We are of the opinion that the license tax authorized and charged against loan companies is not applicable to savings and loan associations organized under Chapter 369. The judgment therefore is reversed.

STONE and HOGAN, JJ., concur.

11. American Mfg. Co. v. St. Louis, 270 Mo. 40, 192 S.W. 402; Ex parte Andrews, 324 Mo. 254, 23 S.W.2d 95; Frank v. Wabash R. Co., Mo., 295 S.W.2d 16, 20.

12. State ex rel. Equality Sav. & Bldg. Ass'n v. Brown, supra, 334 Mo. 781, 68 S.W.2d 55, 59, and cases there cited; State ex rel. R. Newton McDowell. Inc. v. Smith, 334 Mo. 653, 67 S.W.2d 50; Veal v. City of St. Louis, 365 Mo. 836, 289 S.W.2d 7; see City of Nevada v. Bastow, supra, Mo.App., 328 S.W.2d 45, 48–49.