Dear Dr. Frank:
This letter is in response to your request for an opinion. The question reads as follows:
 "Does Section 15.10 of the Omnibus State Reorganization Act of 1974 apply to real property owned or acquired by Lincoln University?"
Section 175.040, RSMo 1969, provides that:
 "It is hereby provided that the board of curators of the Lincoln university shall organize after the manner of the board of curators of the state university of Missouri; and it is further provided, that the powers, authority, responsibilities, privileges, immunities, liabilities and compensation of the board of curators of the Lincoln university shall be the same as those prescribed by statute for the board of curators of the state university of Missouri, except as stated in this chapter."
Section 172.020, as amended, S.B. No. 47, 1977, gives the Board of Curators of the University of Missouri the power
 ". . . to take, purchase and to sell, convey and otherwise dispose of lands and chattels, except that the curators shall not have the power to subdivide, sell or convey title to any land contained within a university campus or to subdivide, sell or convey title to any portion of any parcel of land containing in excess of twenty-five hundred contiguous acres unless such transaction is approved by the general assembly by passage of a concurrent resolution signed by the governor. . . ."
Your question deals with the effect of Section 15.10 of the Omnibus State Reorganization Act of 1974 on the power of the Board of Curators of Lincoln University to hold and convey fee title to real property. That section reads as follows:
 "The fee title to all real property now owned or hereafter acquired by the state of Missouri, or any department, division, commission, board or agency of state government, other than real property owned or possessed by the state highway commission, conservation commission, state park board, and the university of Missouri, shall on the effective date of this act vest in the governor. The governor may not convey or otherwise transfer the title to or other interest in such real property, unless such conveyance or transfer is first authorized by an act of the general assembly. The commissioner of administration shall prepare management plans for such properties in the manner set out in subparagraph 7 above."
The General Assembly of the State of Missouri, in enacting Section 175.040, RSMo 1969, gave the Board of Curators of Lincoln University powers identical to those of the Board of Curators of the University of Missouri, "except as stated in this chapter." In enacting that section, the legislature specifically limited the manner in which the powers of the Board of Curators of Lincoln University could be made dissimilar to those of the Board of Curators of the University of Missouri.
The statutory language which gives Lincoln University's Board of Curators powers concurrent with those of the University of Missouri's Board of Curators specifically provides that exceptions shall be limited to those set forth in Chapter 175, RSMo 1969. The presumption is that the legislature in enacting a statute, acts with full knowledge of existing statutes on the same subject. City of Nevada v. Bastow, 328 S.W.2d 45, 49
(K.C.Mo.App. 1959). In the absence of an amendment to Chapter 175, RSMo 1969, it must be concluded that the General Assembly intended that the powers of the Curators of Lincoln University remain identical to those of the Curators of the University of Missouri.
Therefore, it is the view of this office that Section 15.10 of the Omnibus State Reorganization Act of 1974 does not deprive the Board of Curators of Lincoln University of its statutory authority to hold and convey title to real property.
Very truly yours,
 JOHN ASHCROFT Attorney General