Dear Mr. Lafser:
This letter constitutes the addendum to Opinion Letter No. 41-1983 and the memorandum opinion attached thereto, dated January 31, 1983, and together constitute the Attorney General's statement required by 40 CFR § 123.125, as part of the application for interim authorization submitted to the U.S. Environmental Protection Agency by the Missouri Department of Natural Resources pursuant to 40 CFR Part 123, Subpart F.
You requested this addendum because EPA has requested clarification of the following points:
 (1) The exemption for radioactive wastes contained in Section 260.355(1), RSMo 1978, and
 (2) The statutory authority for the regulation of interim status facilities.
Section 260.355, RSMo 1978, sets forth, in five subdivisions thereof, categories of waste which are exempted from regulation under the Missouri Hazardous Waste Management Law. Subdivision (1) exempts "[r]adioactive wastes regulated by laws of the federal government or of this state." Section 1004(27) of RCRA and40 CFR § 261.4(a)(4) exclude from coverage under the federal program "source, special nuclear or by-product materials as defined by the Atomic Energy Act of 1954, as amended."
Generally, exceptions in a statute should be strictly construed and all doubts should be resolved in favor of the general provision rather than the exceptions thereto. City of Nevada v.Bastow, 328 S.W.2d 45 (Mo.App., K.C.D. 1959). This office discerns no clear intent in the language of Section 260.355 to wholly exempt wastes which may have other hazardous characteristics in addition to radioactivity. Therefore, in light of the broad goal of protection of public health and the environment expressed in Sections 260.350 to 260.430, RSMo, this office is of the opinion that Section 260.355(1) only prohibits regulation of the radioactive characteristic of a radioactive waste and does not prohibit regulation of a radioactive waste as a hazardous waste by virtue of some other non-radioactive, hazardous characteristic of such waste. Since under EPA regulations a waste is not regulated as hazardous by virtue of its radioactivity, Section260.355(1) does not exclude from coverage any waste which is presently covered under the federal program.
Section 260.395.14, RSMo, House Bill 528, 82nd General Assembly, effective June 27, 1983, provides as follows:
 The owner or operator of any hazardous waste facility in existence on September 28, 1977, who has achieved federal interim status under 42 U.S.C. § 6925(e), and who has submitted to the department Part A of the federal facility permit application, may continue to receive and manage hazardous wastes in the manner as specified in the Part A application, and in accordance with federal interim status requirements, until completion of the administrative disposition of a permit application submitted pursuant to sections 260.350 to 260.430. The department may at any time require submission of, or the owner or operator may at any time voluntarily submit, a complete application for a permit pursuant to sections 260.350 to 260.430 and commission regulations. The authority to operate under this subsection shall cease one hundred eighty days after the department has notified an owner or operator that an application for permit pursuant to sections 260.350 to 260.430 must be submitted, unless within such time the owner or operator submits a completed application therefor. Upon submission of a complete application, the authority to operate under this subsection shall continue for such reasonable time as is required to complete the administrative disposition of the permit application. If a facility loses its federal interim status, or the Environmental Protection Agency requires the owner or operator to submit Part B of the federal application, the department shall notify the owner or operator that an application for a permit must be submitted pursuant to this subsection. In addition to compliance with the federal interim status requirements, the commission shall have the authority to adopt regulations requiring persons operating under the authority of this subsection to meet additional state interim status requirements.
This statutory provision specifically authorizes facilities in existence on September 28, 1977, to operate under "interim status," in lieu of a permit, until administrative processing of a permit application is completed, subject to requirements for submittal of a complete application pursuant to Section 260.395.14. The provision also requires a facility operating thereunder to achieve federal interim status under 42 U.S.C. § 6925(e), submit to the Department of Natural Resources Part A of the federal facility permit application, and to receive and manage hazardous wastes in the manner specified in the Part A application and in accordance with federal interim status requirements. Inasmuch as the statutory provision incorporates by reference the federal interim status requirements and requires compliance therewith, Section 260.295.14 is consistent with the federal interim status provisions, 40 CFR Part 265, and 40 CFR § 122.23.
We do not address in this addendum letter, as we were not requested to do so, any other matters which may be affected as a result of the passage of House Bill 528, 82nd General Assembly.
The above clarifications do not alter the opinions expressed in Opinion Letter No. 41-1983, dated January 31, 1983.
Sincerely,
 JOHN ASHCROFT Attorney General