Dr. Robert E. Bartman Commissioner of Education Department of Elementary and Secondary Education Post Office Box 480 Jefferson City, Missouri 65102
Dear Dr. Bartman:
This opinion is in response to your questions asking:
 a. Does the term "[unorganized] territory" in Section 162.071, RSMo, include areas within the state that are under the exclusive legislative jurisdiction of the United States, such as military installations that are not presently part of a school district?
 b. Since school districts may not lawfully tax the property of the United States Government, would annexation by a school district of adjoining land under the exclusive legislative jurisdiction of the United States, such as military installations that are not presently part of the school district, render that district ineligible for state aid assistance under Section 163.021, RSMo?
Section 162.071, RSMo 1986, provides in pertinent part:
 162.071. Annexation of unorganized territory, when, procedure. — Whenever there is within the state any unorganized territory . . . any three voters of the unorganized territory . . . may call an election of the voters of the territory to be conducted by the election authority as provided by law to vote on the proposition of annexation to an adjoining school district. The proceedings shall thereafter be conducted as provided in section 162.441. . . .
Section 162.441, RSMo 1986, explains the procedure for submitting the question of annexation to the voters.
In the statement of facts accompanying your question, you relate:
 During a recent meeting of the Missouri Military Advisory Commission, representatives from Fort Leonard Wood and Whiteman Air Force Base discussed the fact that Missouri residents residing on those installations were not permitted to vote in school board elections of the adjoining school district, even though the school districts involved operate schools on those installations. This is because the school districts do not consider the territorial area comprising the installations to be part of the respective school districts. Missouri electors residing on Fort Leonard Wood and Whiteman Air Force Base are not entitled to vote pursuant to Section 162.291, RSMo, which requires voters for school board members to be residents of the district.
 The school districts involved are concerned that if the military installations are annexed, the districts could face the loss of state educational aid under Section 163.021, RSMo, which establishes mandatory prerequisites for receipt of state aid. Section 163.021(3), RSMo, requires the district to levy a property tax of at least $1.25 per $100 of assessed valuation of the district. However, states and their political subdivisions are prohibited under the United States Constitution from taxing property of the United States Government. At issue is whether the legal inability of school districts to assess a property tax against United States Government property — specifically, the land area of the military installations — will disqualify these districts from receiving state aid should the military installations be annexed to the district.
Consent to acquire land within the State of Missouri and exclusive jurisdiction over such lands is granted to the United States by Sections 12.030 and 12.040, RSMo 1986, which provide:
 12.030. Consent given United States to acquire land by purchase or condemnation for certain purposes. — The consent of the state of Missouri is given, in accordance with the seventeenth clause, eighth section of the first article of the Constitution of the United States, to the acquisition by the United States by purchase, condemnation, or otherwise, of any land in this state as sites for customhouses, courthouses, post offices, arsenals, forts and other needful buildings required for military purposes.
 12.040. Exclusive jurisdiction ceded to United States — reserving right of taxation and right to serve processes. — Exclusive jurisdiction in and over any land acquired as set out in section 12.030 or otherwise lawfully acquired and held for any of the purposes set out in section 12.030 by the United States, is ceded to the United States for all purposes, saving and reserving, however, to the state of Missouri the right of taxation to the same extent and in the same manner as if this cession had not been made; and further saving and reserving to the state of Missouri the right to serve thereon any civil or criminal process issued under the authority of the state, in any action on account of rights acquired, obligations incurred, or crimes committed in this state, outside the boundaries of the land but the jurisdiction ceded to the United States continues no longer than the United States owns the land and uses the same for the purposes set out in section 12.030.
In Howard v. Commissioners of Sinking Fund of City ofLouisville, 344 U.S. 624, 73 S.Ct. 465, 97 L.Ed. 617 (1953), the United States Supreme Court considered the question of whether the City of Louisville could annex federally-owned land on which a Naval Ordnance Plant was located. The Court held that Louisville was free to annex the property.
 When the United States, with the consent of Kentucky, acquired the property upon which the Ordnance Plant is located, the property did not cease to be a part of Kentucky. The geographical structure of Kentucky remained the same. In rearranging the structural divisions of the Commonwealth, in accordance with state law, the area became a part of the City of Louisville, just as it remained a part of the County of Jefferson and the Commonwealth of Kentucky.
Id., 344 U.S. at 626, 73 S.Ct. at 467, 97 L.Ed. at 620. Following the analysis of Howard, the Missouri Supreme Court upheld the annexation by the City of Kansas City of a portion of Richards-Gebaur Air Force Base. Kansas City v. Querry,511 S.W.2d 790 (Mo. 1974). See also Attorney General Opinion No. 185, Price, 1963, a copy of which is enclosed, wherein we concluded:
 Persons living on Federal military bases located in the State of Missouri are residents of county library districts whose geographical boundaries include such Federal bases and such persons are to be counted in determining the population of such county library districts for ascertaining the amount of state aid the county library districts are entitled to receive and such persons are entitled to the services of the libraries established in such districts.
Just as the City of Louisville could annex federally-owned land on which a Naval Ordnance Plant was located and the City of Kansas City could annex a portion of Richards-Gebaur Air Force Base, we conclude that pursuant to Section 162.071, RSMo 1986, a school district may annex "unorganized territory" consisting of a Federal military installation.
Your second question asks whether inclusion in a school district of property of the United States that may not be taxed would render the district ineligible for state aid assistance under Section 163.021, RSMo. Section 163.021, RSMo Supp. 1990, provides in pertinent part:
 163.021. Eligibility for state aid — requirements. — A school district shall receive state aid for its education program only if it:
* * *
 (3) Levies a property tax of not less than one dollar and twenty-five cents after all adjustments and reductions beginning with the tax year which commences January 1, 1989, for current school purposes on each one hundred dollars assessed valuation of the district;
* * *
Article III, Section 43, of the Missouri Constitution provides in part: "No tax shall be imposed on lands the property of the United States . . . ." Therefore, the Federal military installation about which you are concerned is not subject to the property tax levied by the school district. Section 137.115, RSMo, requires the assessor of all counties and the City of St. Louis on an annual basis to "make a list of all real and tangible personal property taxable in his city, county, town or district" and to assess such property. Because the property of the United States is not taxable, it would not be included in determining the assessed valuation of the district and would not affect the computation of the permissible property tax rate. Therefore, annexation by a school district of land of the United States would not affect eligibility of the district for state aid pursuant to Section 163.021, RSMo Supp. 1990.
CONCLUSION
It is the opinion of this office that pursuant to Section162.071, RSMo 1986, a school district may annex "unorganized territory" consisting of a Federal military installation and such annexation does not render a school district ineligible for state aid under Section 163.021, RSMo Supp. 1990.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 185, Price, 1963